## SOUTHERN RAILWAY COMPANY *v.* HARRELL.

On the trial of an action, in a justice's court, against a railway company, for damages for the killing of an animal by the running of its train, when there was no evidence tending to contradict, in any material particular, the positive testimony that the company's employees could not, by the exercise of all ordinary care and diligence, have prevented the casualty, a verdict against the company was without evidence to support it, and should, for that reason, have been set aside on certiorari.

Argued January 26, — Decided February 13, 1904.

Certiorari.   Before Judge Roberts.   Dodge superior court. May 22, 1903.

*DeLacy & Bishop*, for plaintiff in error.
*J. E. Wooten*, contra.

Fish, P. J.   W. W. Harrell sued the Southern Railway Company, in a justice's court, for damages for the killing of his cow by the running of defendant's train of cars.   There was a verdict for the plaintiff.   The defendant's certiorari having been overruled, it excepted.   One of the assignments of error made in the petition for certiorari was, that the verdict was without evidence to support it.   The evidence showed that the cow was killed by the running of the defendant's train, and that she was worth fifty dollars, the amount of the verdict.   Several witnesses testified in behalf of the plaintiff, but none of them saw the train kill the cow.   Three of them testified that they were familiar with the track where the cow was killed.   One of them swore that the cow "could be seen by the engineer in his cab anywhere in the cut at least seventy-five yards, possibly more."   The other two testified that, in their opinion, the engineer could have seen a cow for at least seventy-five yards, on the track, at the point where the animal in question was killed.   It was shown that the fireman, who was on the engine which killed the cow, was inaccessible, and that his testimony could not be procured by the defendant.   The

engineer, who was on the engine at the time the cow was killed, testified that he and the fireman were properly looking ahead at the time; that when he first saw the animal it was on his side, to the right of the track, about fifteen feet from it, on the edge of a cut, and about seventy-five feet ahead of the engine; that from the top of the cut to the track the distance was about fifteen feet; that the cow ran very rapidly down the side of the cut directly toward the track, and that she and the engine reached the point on the track where she was struck at the same time; that there was a curve in the track where the casualty occurred, and it was impossible for him to have seen the cow on the edge of the cut, where she was when he first saw her, a greater distance than seventy-five feet; that as soon as he discovered her the brakes were "jammed down," but she was struck before they could have any effect on the speed of the train, which consisted of six loaded passenger-cars and was running down grade at about thirty-five miles an hour; that it was absolutely impossible to prevent the train running over the cow. He further testified that had the cow been on the track he could have seen her for a distance of about one hundred and fifty feet. As the cow was not standing on the track, but was killed as soon as she reached the track from the top of the cut, the evidence of the plaintiff's witnesses, that she could have been seen on the track, or in the cut, at that point, by the engineer for at least seventy-five yards, though in conflict with the engineer's testimony that he could not have seen her, on the track, at that point, for more than one hundred and fifty feet, was not material; and as the engineer's uncontradicted testimony showed that it was impossible, in the exercise of all ordinary care and diligence, to have prevented the train from running over the cow, the presumption arising against the defendant, upon proof of the killing of the animal by the running of the train, was successfully rebutted. It follows that it was erroneous to overrule the certiorari, as there was no evidence to support the verdict.

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*