### 324. WESTERN & ATLANTIC RAILROAD CO. v. CLARK.

1. In the absence of positive evidence of negligence, or, where the only express evidence of negligence in behalf of the plaintiff is a mere expression of opinion, the presumption of negligence arising against a railroad company from proof of the killing of an animal is met and overcome by evidence for the defendant company showing that the animal could not have been seen soon enough to avoid the casualty, and that after it was discovered all diligence was used to prevent the killing.

2. But where the evidence for the plaintiff shows negligence as a matter of fact and is in material conflict with the evidence introduced by the defendant for the purpose of rebutting the presumption of negligence, an issue of fact is raised which must be determined by the jury, and their finding thereon will not be disturbed by this court.

3. Unless the point be waived, a judge of the superior court commits no error, of which plaintiff in certiorari can justly complain, in overruling the certiorari, where the answer to the writ of certiorari does not verify the statement in the petition that a verdict and judgment were rendered against it in the court in which the case originated, or disclose what disposition (if any) was made of the case in that court.

Certiorari, from Catoosa superior court—Judge Tite. August 9, 1906.

Submitted May 7,—Decided July 18, 1907.

*R. J. & J. McCamy, W. H. Odell,* for plaintiff in error.
*William E. Mann,* contra.

RUSSELL, J. This case has been to the Supreme Court, and is reported in 121 *Ga.* 419, 49 S. E. 290. No opinion follows the judgment rendered in the headnote. So far as appears from the headnote, the judgment of the lower court was reversed at that time because the evidence in behalf of the railroad company, rebutting the presumption of negligence arising from proof of the killing of the animal by the defendant company's train, was uncontradicted except by a mere expression of opinion by one witness. We have not thought it necessary to examine the original record transmitted to the Supreme Court on the former hearing, because, regardless of what may then have appeared, there is in the record before us a direct conflict in the evidence upon the subject of negligence as related to the killing. This issue of fact it is the exclusive province of the jury to decide, and we have neither the power nor disposition to disturb their finding. It appears that the engineer and fireman rebutted the presumption of negligence arising from the killing of the steer by the defendant company's train, by testifying that they did not see the animal in question (and on account of a curve could not see it) until it was within twenty or thirty feet of the engine. They both swore that they were looking ahead, and that the steer was killed four hundred and fifty yards north of the public-road crossing. Both swore it was too late when the animal was seen to do anything to stop the train, and that nothing was done. Under this evidence the presumption of negligence would have been rebutted, and without more a finding for the plaintiff would not have been authorized. In the answer, however, appears the testimony of two witnesses for the plaintiff, which is in direct conflict with the evidence in behalf of the defendant, as to the only material issue in the case. The only real question in the case was whether the cattle came so suddenly on the track from previous concealment that it was impossible for the train crew, though ever so diligent, to prevent the casualty. The two witnesses for the plaintiff testified that the steer could have been seen for two hundred and fifty yards, that there was nothing to prevent the engineer and fireman (either embankment, curve, or other obstacle) from

seeing if they had been looking out. One of these witnesses stated, that he saw the killing, that the cattle were in plain view, and could have been seen by the engineer, if he had been looking out, for a distance of two hundred and sixty measured yards, that no effort was made to stop the train before the killing, that the speed of the train was not slackened, and the whistle was not blown. According to the plaintiff's evidence the killing could have been prevented, because the engineer himself testified that the train could be stopped in one hundred and thirty-six yards. According to defendant's testimony the accident could not be prevented; and this clearly raised an issue of fact, which could not be settled except by the jury. As it does not appear that their finding was induced by or dependent upon any error of the court, it can not be disturbed.

We have passed upon this phase of the case only because no notice seems to have been taken in the court below of the defect in the magistrate's answer, or, at least, the plaintiff in error was given the benefit of the doubt as to the unexpressed intention of the magistrate, and the point was waived. It doubtless was the intention of the magistrate to adopt the allegations of the petition as to the judgment rendered and the assignment of error, but he failed to say so; and the judgment of the superior court in overruling the certiorari would be sustained if his decision had been based only on the ground that the answer did not disclose what disposition was made of the case in the trial court. The language of the answer is as follows: "And now comes the defendant, answering the writ of certiorari served on him, and says that the following is also held as his answer, except as follows." This is all of the justice's answer, except that following the words above quoted he purports to give the substance of the testimony of two witnesses for the plaintiff (defendant in certiorari). We would have decided the case upon the principle announced in *Stoner* v. *Magins*, 116 *Ga.* 797, 43 S. E. 45, and frequently since reaffirmed, without any discussion, except for the fact that the point seems to have been waived in the court below. It was at least treated thus by the trial judge; for the answer of the magistrate was traversed, a trial had upon it and a verdict rendered, finding against the traverse. As stated above, we think that the magistrate intended to adopt the allegations of the petition for

certiorari, so as to verify the statement therein that a verdict and judgment were rendered against it in his court. But he failed to do so, and for that reason, if for no other, the judgment of the superior court in overruling the certiorari must stand affirmed.

*Judgment affirmed.*