## 2280.  ATLANTA, BIRMINGHAM & ATLANTIC RAILROAD COMPANY *v.* MINCHEW.

1. The evidence, though preponderating in the defendant's favor, was nevertheless legally sufficient to support the verdict.
2. The holder of the legal title to property may maintain an action at law for its destruction, though others may have imperfect or inchoate equities in it.
3. The evidence as to the value of the property destroyed was ample.

Action for damages; from city court of Waycross—Judge Myers. October 9, 1909.

Argued February 22,—Decided April 6, 1910.

*Crovatt & Whitfield, J. L. Sweat,* for plaintiff in error.

*Simon W. Hitch,* contra.

POWELL, J.  1. A train of the defendant company killed one of Mrs. Minchew's mules.  The testimony of the engineer and the fireman had the ring of truth in it, and made a clear case of unavoidable accident.  However, there was testimony tending to contradict the defendant's showing—weak and inferential evidence it is true, and yet legal evidence; and the jury believed it.  This court has no power to interfere.

2.  Counsel for the railroad company make the point that Mrs. Minchew's ownership of the property was not such as to authorize her to maintain the action.  She bought the property, they concede, but they say that she bought it with the proceeds of property belonging to her deceased husband's estate, and that therefore her children have an interest in it.  It is sufficient to reply that she had the legal title.  It may have been subject to equities in favor of her deceased husband's heirs at law; but that makes no difference, so far as her right to recover is concerned.  These equities present questions material as between her and the legal representative of her deceased husband's estate, but not material as between her and the defendant.

3.  The plaintiff showed the cost and condition of the mule, together with other circumstances enabling the jury to fix its value. Under the evidence they might have assessed a larger sum, but the defendant should not, and can not, complain on that ground.  We are asked to award damages for delay.  If the plaintiff had made a stronger case on the merits, we would grant the motion; but we are unwilling to exercise the discretion vested in us of awarding

damages, in a case where the abstract justice of the plaintiff's right to recover is so doubtful as it is in the present instance.

*Judgment affirmed.*