HIGH SHOALS MANUFACTURING COMPANY *v.* PRICE *et al.*

ATKINSON, J. 1. In a suit by a riparian proprietor against an upper riparian proprietor for damages because of the unreasonable diminution and detention of the water in a stream, inasmuch as the wrong complained of was wilful, it was not error to disallow an amendment to the plea which alleged, in effect, that plaintiffs were estopped from maintaining their action because they knew that the defendant was constructing a storage-dam at a large expense, and knew what effect the location of the dam would have on the stream, and made no objection to it, nor gave any warning that damages would be claimed.

2. Other amendments offered to the plea were also disallowed; but in so far as they set up matters not covered by the original plea, they were not allowable under the ruling announced in the third headnote of the decision when the case was before this court on a former occasion (*Price* v. *High Shoals Mfg. Co.,* 132 *Ga.* 246 (64 S. E. 87, 22 L. R. A. (N. S.) 684)), and the ruling of the court below was not erroneous. (Holden, J., dissents.)

3. An amendment had been allowed to the defendant's plea, which, in effect, set up that one of the plaintiffs was estopped from maintaining his suit, for the reason that on the 13th day of April, 1903, he had, for a valuable consideration, conveyed to the defendant the right to erect its dam, knowing that it would be erected, and at the time of such conveyance the same plaintiff owned an undivided interest in the mill property below the dam, alleged injury to which was the subject-matter of his suit. After the allowance of the amendment, and while the case was on trial, the defendant offered in evidence in support thereof a deed executed by the plaintiff, referred to in the amendment, and two others granting to the defendant, for a valuable consideration, "the right and privilege and easement perpetually to back-water upon and overflow, without let or hindrance, any part" of described land, by means of "building and maintaining a dam not more than twelve feet high at its lowest height, that is to say, not exceeding 12 feet high on the highest part of the bed of the river, upon and across the highest part of what is known as the upper or Frazer Shoals of the Apalachee river, immediately above the pond of said company; and in consequence of such backing and over-flowing to do whatever damage may result therefrom to said land. To have and to hold the easement and right to damage herein granted, in, upon, and over said tract of land, free from liabilities for any damage or injury to said lands, or to said grantor, their heirs or assigns." The court refused to admit the deed in evidence, and error was assigned upon the ruling, it being urged that the deed granted to the defendant not only the right to erect the dam, free from any liability for any injury or damage which it might cause to the land overflowed, but also free from any injury or damage that it might in any way cause to the grantors, and by its very terms it granted the right to pond, detain, and obstruct the flow of the water in Apalachee river, and covenanted to defend the right and title and quiet enjoyment of the rights and easements granted to the defendant. It appears from the evidence that the mill property of the plaintiffs, which was alleged to be damaged, was located below the defendant's dam, while the land to which the right to over-flow had been granted to the defendant was above the dam altogether, and that the injury to the plaintiffs' mill property complained of was the alleged unreasonable detention and consumption of water by the defendant. The deed which was offered should not be construed as contemplating damage resulting in that way to the mill property below the dam, and there was no error in excluding it from evidence. See, in this connection, *Weinkle* v. *B. & W. R. Co.*, 107 *Ga.* 367 (2), 368 (33 S. E. 471).

4. One ground of the motion for new trial complained that the judge failed to charge what was the measure of damages, if any damages should be found in favor of the plaintiff. From the general charge it appears that the judge instructed the jury on the subject of damages in their general phases, by giving in charge sections 3905 and 3909 of the Civil Code of 1895 (Civil Code (1910), §§ 4502, 4506), and further by instructing them, in effect, that for an illegal invasion of the property rights of another the injured party is entitled to nominal damages, even though he shows no special damages, but is entitled to recover all of the special

damages which the jury believes from the evidence have been sustained as the direct and immediate result of the unlawful invasion of his property rights. If further instructions as to the measure of damages were desired, timely written requests should have been made.

5. Other grounds of the motion for new trial complained of certain expressions by the judge as amounting to the expression of an opinion upon the issues of fact, and to rulings of the court as to the admissibility of evidence, and to the charge of the court and refusals to charge; but none of them set forth sufficient cause for the grant of a new trial.

6. Special stress was laid upon the general grounds of the motion for new trial, it being insisted that the evidence was insufficient to support the verdict; and that it was excessive. A careful review of the evidence discloses that the amount returned by the jury in favor of the plaintiffs was quite up to the limit authorized under the pleadings and evidence; but it can not be said that the verdict was excessive, or that it was otherwise unsupported by the evidence; and the discretion of the judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur, except Holden, J., dissenting.*

FEBRUARY 20, 1911. REHEARING DENIED MARCH 4, 1911.

Action for damages. Before Judge Brand. Walton superior court. December 14, 1909.

*H. G. Nowell* and *F. C. Foster,* for plaintiff in error.

*George C. Thomas, Cobb & Erwin,* and *Napier & Cox,* contra.