### 14750.  GEORGIA RAILROAD *v.* HENDERSON.

JENKINS, P. J.  "When it is shown by a plaintiff in an action against a
railroad company to recover damages for killing a cow that the animal
was killed by the running and operation of a train of cars, the law
raises a presumption of negligence against the company, and, without
more, the plaintiff is entitled to recover the value of the animal killed.
Such presumption, however, may be rebutted; and when the evidence of
the engineer  .  .  on the locomotive which struck the animal is to
the effect that she came upon the track suddenly and immediately in
front of the locomotive, and that all reasonable and ordinary diligence
was used to prevent striking the animal, but without avail, such pre-
sumption is successfully rebutted."  *Ga. So. & Fla. Ry. Co. v. Sanders,*
111 *Ga.* 128, 129 (36 S. E. 458); *Ga. R. Co. v. Wall,* 80 *Ga.* 202, 204
(7 S. E. 639); *Whiddon v. Atlantic Coast Line R. Co.,* 21 *Ga. App.*
377 (2) (94 S. E. 617); *Atlantic Coast Line R. Co. v. Whitaker,* 10
*Ga. App.* 207 (73 S. E. 34); *Atlantic Coast Line R. Co. v. Cox,* 11 *Ga.
App.* 384 (75 S. E. 268).  In the instant case the effect of the plain-
tiff's evidence was merely to show the killing of the cow by the de-
fendant's train; and while he testified that the track was straight, so
that the animal might have been seen for a distance of 150 yards from
where she was hit, he did not see the injury.  He testified that the cow
came on to the track from a path which "went on to the track in a
cut;" that it was "about 12 or 15 feet from the rail to the edge of
the cut;" that "you couldn't see the cow while she was in the path
until she came out into the cut;" that "the tracks of the cow indi-
cated that she went along the path straight to the track and was hit
as soon as she got to the track;" and that "she did not run along the
track at all."  The engineer of the locomotive which struck the animal
testified that he "first saw the cow when she came out of a sort of
gully on to the track," when he was only 25 or 30 yards from her; "that
as soon as he saw her he put on the brakes and blew the cattle alarm,
but "it was physically impossible to stop the train without striking
her;" that he was keeping a lookout, and that there was nothing else
which he could have done to stop the train.  This evidence was not
disputed.  The statutory presumption being completely rebutted by the
testimony for the defendant and the physical facts shown by both the
plaintiff and the defendant, the finding and judgment for the plaintiff
must be set aside.

(*a*)  One of the witnesses for the railroad company, whom the briefs term
its "section foreman," but whose connection with the defendant the
record does not in any way disclose, testified that he went to the place

where the cow was after she was struck, that "both her hind legs and her back were broken," and that in the presence of the plaintiff he "killed her and dragged her off of the right of way." The plaintiff contends that this testimony showed that the railroad by its agents "took possession of the cow, killed it, and carried it away," that this was an assumption of liability by the defendant, and that its "agents had no right to kill it and carry it away as they did." Had the petition charged and the evidence shown an unauthorized killing of the cow by the defendant's agent after having been struck by the train, as thus contended, a recovery might have been had as for a tortious conversion; but neither the petition nor the evidence justifies such a claim. The petition is based on the theory that the injury was occasioned by the running of the defendant's train, and the resulting statutory presumption of negligence was invoked. The evidence fails to show a conversion, and the testimony of the witness last mentioned merely indicates that on finding that the animal was mortally injured he killed it in the presence of the owner and removed it from the right of way.      *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Damages; from city court of Washington—Judge Sutton. June 11, 1923.

*Cumming & Harper, W. A. Slaton,* for plaintiff in error.

*F. H. Colley, Hugh E. Combs,* contra.