14504.  ATLANTIC COAST LINE RAILROAD COMPANY *v.*
BENNETT.

The statutory presumption of negligence on the part of the railroad company in the killing of the cows by its train was completely rebutted by positive and uncontradicted testimony of the engineer and the fireman in charge of the engine, and the verdict against the defendant was unauthorized. The judge of the superior court, therefore, erred in refusing to sanction the certiorari.

DECIDED FEBRUARY 23, 1924.

Certiorari; from Wayne superior court—Judge Highsmith. March 31, 1923.

*Bennet, Twitty & Reese, Gibbs & Turner,* for plaintiff in error.

JENKINS, P. J.  1. Where the only assignment of error in a petition for certiorari is that the verdict was contrary to law, as being without evidence to support it, and contrary to the weight of the evidence, it is not the duty of the judge of the superior court to sanction the certiorari, "if there is a legal adequacy of testimony to support" the verdict, "and if the weight of the testimony is not so strongly against the correctness of the finding as that, if on final hearing the answer supported the petition, the judge would feel the interests of justice required a new trial." A judgment of the judge of the superior court, refusing, in the exercise of his discretion, to sanction a certiorari, will not be reversed unless a verdict for the petitioner was demanded. *Little* v. *City of Jefferson,* 9 *Ga. App.* 878 (72 S. E. 436) ; *Wells* v. *McMahon,* 26 *Ga. App.* 397 (106 S. E. 297) ; *Crawford* v. *Jones,* 27 *Ga. App.* 448 (108 S. E. 807) ; *Fallas* v. *Rushin,* 29 *Ga. App.* 471 (115 S. E. 922).

2. In this action in a justice's court for damages for the killing of two cows by the running of the defendant's train, the statutory presumption of negligence was completely rebutted by positive and undisputed testimony from the engineer and the fireman operating the engine, to the effect that the casualty could not have been prevented by the exercise of all ordinary care and diligence. *So. Ry. Co.* v. *Harrell,* 119 *Ga.* 521 (46 S. E. 637) ; *Atlantic Coast Line R. Co.* v. *Whitaker,* 10 *Ga. App.* 207 (73 S. E. 34). The trial resulted in a judgment for the plaintiff, and the judge of the superior court refused to sanction the defendant's petition for certiorari, the judge basing his refusal upon the ground that it appeared from the evidence that "four head of cattle were killed about the same

time," and that "it does not appear · that the evidence of the engineer and fireman necessarily related to the cattle sued for," or "had reference to cattle killed on the crossing." The plaintiff's sworn statement claiming damages in terms sought a recovery for "two cows killed on or about April 22d, 1922, . . killed by said A. C. L. R. R. Co. in said county of Wayne between mile-posts 65 and 66, said cows killed by the negligence of said railroad company in the operation of its trains."۰ The defendant's engineer and fireman testified as to the cows killed "on the night of April 22d, between the 65th and 66th mile-posts," and the engineer swore, "these are the only cattle that I have ever killed since I have been an engineer." The fact that the plaintiff, after testifying as to the cattle sued for, also alluded to "two other cattle killed near this same place, for which the railroad company has settled with me," without indicating that the place of the latter's death was between the 65th and 66th mile-posts, where he located the cattle sued for and the engineer and fireman located those about which they were testifying, and without fixing the time of killing as on the date set forth in the suit and the date stated by the engineer and fireman, did not modify the legal effect of the defendant's testimony, as tending to show that its witnesses were referring to the cattle not in issue, instead of those in question. Nor was such testimony affected by that of a witness for the plaintiff, who, after testifying as to the cattle sued for, said that he had seen "two other cows," but did not know when they were killed, or locate the place of their killing. A verdict, in our opinion, having been thus demanded for the petitioner, the certiorari should have been sanctioned.

*Judgment reversed. Stephens and Bell, JJ., concur.*