## 15541.  ATLANTIC COAST LINE RAILROAD COMPANY v. PAULK.

1. Exceptions pendente lite not argued or insisted upon in the brief of counsel will not be considered.
2. The presumption of negligence arising against the railroad company from proof of the killing of the plaintiff's bull by the train was overcome by the undisputed testimony of the engineer and the fireman of the train; and the verdict for the plaintiff was therefore unauthorized.
3. Failure to charge the jury more fully as to the mode of ascertaining the market value of the bull was not error.
4. Failure to give additional instructions, not requested, as to the manner of rebutting the presumption of negligence was not error.
5. The instruction to the effect that the defendant would be entitled to a verdict if, after the danger became imminent, it was *impossible* for the defendant's agents to do anything to avoid the killing was erroneous in requiring a greater degree of diligence than the law requires; and the error was not cured by other instructions given. Whether a new trial would be granted because of this error alone is not decided.

DECIDED DECEMBER 17, 1924.

Action for damages; from city court of Brunswick—Judge Butts. January 30, 1924.

*Pope & Hand, Bennet, Twitty & Reese,* for plaintiff in error.

*F. M. Scarlett,* contra.

JENKINS, P. J. 1. The exceptions pendente lite, not being argued or in any way insisted upon, will be treated as abandoned.

2. "In the absence of positive evidence of negligence, or, where the only express evidence of negligence on behalf of the plaintiff is a mere expression of opinion, the presumption of negligence arising against a railroad company from proof of the killing of an animal is met and overcome by evidence for the defendant company showing that the animal could not have been seen soon enough to avoid the casualty, and that after it was discovered all diligence was used to prevent the killing. But where the evidence for the plaintiff shows negligence as a matter of fact and is in material conflict with the evidence introduced by the defendant for the purpose of rebutting the presumption of negligence, an issue of fact is raised which must be determined by the jury." *Western & Atlantic R. Co.* v. *Clark,* 2 *Ga. App.* 346 (1, 2) (58 S. E. 510). The physical facts and circumstances alone in the case may afford proof of the defendant's negligence, and may be such as to raise an issue of credibility for determination by the jury, notwithstanding the defendant's witnesses, to rebut the presumption of negligence, may have

testified as to their exercise of ordinary care and that the casualty was unavoidable. *Atlantic & Birmingham Ry. Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277) ; *W. & A. R. Co.* v. *Clark,* supra. But to destroy or modify the effect of a complete rebuttal of the statutory presumption of negligence by positive testimony from the defendant's witnesses, where there are no other eye-witnesses and testimony as to physical conditions is relied upon, such testimony must be more than mere speculative opinions or estimates of distances and range of vision within which the animal, if certain unproved facts existed, could have been seen by the train operatives. *Cen. of Ga. Ry. Co.* v. *Waxelbaum,* 111 *Ga.* 812 (35 S. E. 645) ; *Atlanta Air-Line R. Co.* v. *Gravitt,* 93 *Ga.* 369 (7) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145) ; *Western & Atlantic R. Co.* v. *Clark,* 121 *Ga.* 419 (49 S. E. 290) ; *Augusta So. R. Co.* v. *Carroll,* 7 *Ga. App.* 138 (66 S. E. 403). In the instant case the statutory presumption was completely overcome by the undisputed testimony of the defendant's engineer and fireman as to their constant lookout for a distance of three fourths of a mile from the place of the casualty, as to their blowing of the whistle and ringing of the bell, and as to the running of the animal suddenly on the track from behind a station building and from a point where it was not and could not have been previously seen from the engine, and without affording opportunity to stop or materially check the train. The credibility of this evidence, under the rule stated, was not affected by opinion evidence for the plaintiff to the effect that, *if* the animal had been in certain assumed locations before the injury, it should have been seen, or as to how far the engineer's range of vision extended beyond the building, since the evidence as to the sudden approach of the animal on the track was undisputed, and all the evidence showed that the location of the building close to the track must necessarily have interfered with a free view of objects while behind such building, and since it was undisputed that at the speed of thirty miles an hour at which the train was traveling it could not have been stopped within a distance of one fourth of a mile, and that it could not have been materially checked from the point at which the animal was first seen to where the animal was struck, there being no charge of negligence with reference to the speed at which the train was moving at the time the animal was or should have been first seen. *Ga. R. Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639) ;

*Ga. So. & Fla. Ry. Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458) ; *Seaboard Air-Line Ry. Co.* v. *Lott,* 11 *Ga. App.* 839 (76 S. E. 596) ; *Atlantic Coast Line R. Co.* v. *Whitaker,* 10 *Ga. App.* 207 (73 S. E. 34), and cases cited; *Atlantic Coast Line R. Co.* v. *Bennett,* 31 *Ga. App.* 626 (121 S. E. 706). The verdict for the plaintiff being unauthorized under the evidence, it was error to refuse to the defendant a new trial.

3. Where the court correctly charged the jury that the plaintiff, if entitled to recover, "would be entitled to recover the market value of the bull at the time and place it was killed," that this was "the rule of measuring the damage," and that they should "look to the evidence" to ascertain the same, it was not error to fail to charge "in what way or by what method they should ascertain the true market value," in the absence of a timely written request for a further elaboration of the rule of damage stated, or for a definition of the term "market value." *Seaboard Air-Line Ry. Co.* v. *Bishop,* 132 *Ga.* 37 (2), 39 (63 S. E. 785) ; *High Shoals Mfg. Co.* v. *Price,* 136 *Ga.* 23 (70 S. E. 641) ; *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (6) (51 S. E. 13) ; *Cen. of Ga. Ry. Co.* v. *DeLoach,* 18 *Ga. App.* 362 (6) (89 S. E. 433).

4. Where the court correctly charged the rule as to the statutory presumption of negligence, "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence," and further that "the main and first issue is whether or not at the time of the killing the agents of the company were exercising all ordinary and reasonable care and diligence to avoid the killing, or if the agents of the defendant company by the exercise of ordinary and reasonable care and diligence could have avoided the killing," the first-quoted excerpt was not subject to exception as failing to elaborate "in what manner and by what means and by proof of the exercise of what degree of care and diligence defendant could overcome and rebut the presumption of law against it," or as failing to tell the jury specifically that such presumption could be rebutted and overcome "by proof on behalf of the defendant that its employees in charge of its train exercised all ordinary and reasonable care and diligence in keeping a lookout ahead of the train and in attempting to avoid striking the bull after it became visible to them as the train approached the place

where he was," especially in the absence of written requests for such additional instructions.

5. It was inaccurate to charge the jury as follows: "The defendant contends that its agents in charge of the locomotive that killed this cow—after the danger had become imminent, it was *impossible* for the agents to have done anything to have avoided the killing. If the defendant has shown *that* to your satisfaction by a preponderance of the testimony, that would entitle the defendant to a verdict at your hands." *East Tenn. Ry. Co.* v. *Daniel,* 91 *Ga.* 768 (2) (18 S. E. 22); *Ga. So. & Fla. Ry. Co.* v. *Jones,* 121 *Ga.* 822 (49 S. E. 729). Even though immediately following the excerpt quoted, the court said, "On the other hand, if you find that the agents of the defendant in charge of the locomotive did not exercise all ordinary and reasonable care and diligence at the time of the killing to avoid the accident, that would entitle the plaintiff to a verdict at your hands," this language did not withdraw or expressly modify the previous expression, and the giving of two different rules in close connection might have tended to mislead the jury as to which rule should be applied, and might have resulted in their application of the first erroneous rule, requiring of the defendant a greater measure of diligence than the law requires. Whether we would grant a new trial on this ground alone it is unnecessary to determine.

*Judgment reversed. Stephens and Bell, JJ., concur.*