### 16224.   WILSON *v.* GRAY.

JENKINS, P. J. This was a suit on a promissory note, brought by the transferee of a decedent payee as holder and owner. The defendant introduced testimony of himself and of another in support of his plea of payment. There were certain facts and circumstances in evidence which might have been taken as discrediting defendant's testimony. The jury found in favor of the plaintiff, and exception is taken to the overruling of a motion for a new trial based on the general grounds only. *Held:* The rule involved that "a defense established by the positive and uncontradicted testimony of unimpeached witnesses can not lawfully be arbitrarily disregarded" (*Western & Atlantic R. Co.* v. *Beason,* 112 Ga. 553 (1) (37 S. E. 863)) does not mean that the jury are obliged to believe testimony which under the facts and circumstances disclosed they in fact discredit, but means that they are to consider the testimony of every witness who is sworn, and not arbitrarily disregard the testimony of any witness. *Brunswick & Western R. Co.* v. *Wiggins,* 113 *Ga.* 842, 844 (1) (39 S. E. 551, 61 L. R. A. 513); *Cen. of Ga. Ry. Co.* v. *Mote,* 131 *Ga.* 166 (8) (62 S. E. 164); *Haverty Furniture Co.* v. *Calhoun,* 15 *Ga. App.* 620 (1) (84 S. E. 138). The trial court having approved the finding in this case, the evidence disclosed by the record is not such as would permit this court to set aside the finding of the jury.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1925.

Complaint; from city court of Houston county—Judge Riley. December 29, 1924.

*Marx Kunz,* for plaintiff in error.