17754.   GEORGIA, FLORIDA & ALABAMA RAILWAY CO. *v.* HATCHER.

JENKINS P. J. "Where it appears in a suit against a railroad company, for damages on account of the killing of live stock, that the engineer was at the place on the engine where his duty required him, that he was looking ahead when the animal was first seen in the middle of the track in a curve, that because of the curve, the boiler, smoke-stack, and sand-box obstructing the view, the animal could not have been sooner seen, and that it was impossible to stop the train before striking the animal after it was seen, and the only circumstance from which negligence could be inferred was that the fireman at the time of the killing of the animal was engaged in supplying his engine with fuel, and was not on the lookout, such absence of the fireman from a position to look out, and the failure of the railroad company to place a third employee on the engine to take the fireman's place when he was supplying his engine with fuel, would not warrant a finding in favor of the plaintiff." *Rogers* v. *Georgia Railroad Co:,* 100 *Ga.* 699, 700 (28 S. E. 457, 62 Am. St. R. 351). Where, however, as in the instant case, although it appears from the testimony of the engineer that at the time the hog was killed he was at his place on the right-hand side of the engine, as his duty required, and was looking ahead when the animal was first seen by him to appear suddenly upon the track, about twenty feet ahead of the engine, after having mounted the railroad embankment from the left side thereof, and that it was impossible to stop the train or otherwise avoid the collision after the animal thus became apparent to him, but where, from the physical facts and circumstances indicated by the evidence, it is inferable that if the fireman stationed on the left side of the engine had been looking ahead he might well have ascertained the presence and approach of the animal, as it mounted the embankment from that side, in time to have avoided the collision; and where it is not made to appear from the evidence of the fireman that he was either looking ahead at the time of the collision or was engaged in supplying his engine with fuel, it can not be said as a matter of law that the presumption of negligence has been overcome so as to render the verdict in favor of the plaintiff contrary to law as being altogether unsupported. *Western & Atlantic R. Co.* v. *Clark,* 2 *Ga. App.* 346 (1, 2) (58 S. E. 510); *Atlantic & Birmingham Ry. Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277); *Atlantic Coast Line R. Co.* v. *Paulk,* 33 *Ga. App.* 293 (125 S. E. 865). While from the testimony of the fireman it appears that he did not actually "see the hog," the burden resting upon the defendant to account for diligence on his part was in no wise met by his mere speculative testimony that he would "guess" that he "must" have been engaged in firing the engine. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 11, 1927.

Certiorari; from Miller superior court—Judge Yeomans. October 29, 1926.

*N. L. Stapleton,* for plaintiff in error.   *J. A. Drake,* contra.

---

Railroads, 33 Cyc. p. 1216, n. 45; p. 1274, n. 16; p. 1276, n. 32, 33; p. 1277, n. 36; p. 1305, n. 39; p. 1309, n. 70.