31842. DODD *et al. v.* CALLAWAY, trustee.

DECIDED FEBRUARY 19, 1948. REHEARING DENIED MARCH 18, 1948.

*Ezra E. Phillips,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

PARKER, J. (After stating the facts above.) ■ "No principle is better settled in Georgia than that a verdict should not be directed, unless there is no issue of fact; or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed. . . The paramount right of the jury to decide any issue of fact in every case, in Georgia, is absolutely exclusive of any such prerogative on the part of the judge. The exercise of this power by the jury, unless waived by the parties, is an indispensable requisite of a legal trial in this State, and an invasion of this right (as has been held by our Supreme Court times without number) demands the grant of another trial." Thus spoke Judge Russell in *Davis* v. *Kirkland,* 1 *Ga. App.* 5, 8, 9 (58 S. E. 209). It is true that the Code authorizes verdicts to be directed. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. The history of this section is interesting. It is not a statute but is a codification of language used in *Hooks* v. *Frick,* 75 *Ga.* 715. It originated in affirmances of verdicts in cases where the finding was so absolutely required, under the facts in those particular cases, that the error in directing the verdict was held to be harmless. Although a court "may" direct a verdict under the circumstances stated, our courts have universally held that the refusal to direct a verdict is never error in any case.

■ "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." Code, § 94-1108. It has been held several times that "the inference created by proof of injury by running of the defendant's cars is at an end when the defendant has produced some evidence to the contrary;" and "the statute has served its purpose when it com-

pels the railroad to explain how the injury occurred, and the question of negligence or no negligence is to be decided by the facts of the case." *Parrish* v. *Southwestern Railroad Co.*, 57 *Ga. App.* 847 (197 S. E. 66), and citations; *Jones* v. *Powell*, 71 *Ga. App.* 202 (30 S. E. 2d, 446). The plaintiffs undertook to prove some of the material allegations of their petition, including the way in which the deceased was killed, by circumstantial evidence. If the evidence offered by the plaintiffs, although circumstantial, was sufficient to authorize the inference that the deceased was killed by the operation of a train of the defendant, as was held by this court in *Slaton* v. *Southern Ry. Co.*, 45 *Ga. App.* 781 (165 S. E. 883), the plaintiffs had the benefit of the prima facie presumption of want of reasonable skill and care afforded by the statute, in the absence of evidence to the contrary produced by the defendant. But the defendant offered testimony tending to rebut any inference raised by the evidence that its train killed the deceased. If it may be said that an inference of the want of reasonable skill and care on the part of the defendant was created by the statute upon the plaintiffs' proof tending to show the killing of the deceased by the defendant, and that such inference ended when the defendant produced its evidence, this left the plaintiffs without the benefit of the presumption but did not necessarily cause the case to fall entirely. Under these circumstances, the question of negligence or no negligence is to be decided by all of the facts of the case.

■ Circumstantial evidence is sufficient to sustain a verdict in a civil case where it reasonably establishes the theory relied on, and preponderates to that theory rather than to any other reasonable hypothesis (*Georgia Ry. & Electric Co.* v. *Harris,* 1 *Ga. App.* 714, 57 S. E. 1076); but such evidence need not be inconsistent with all other reasonable theories beyond a reasonable doubt or to the point of logical demonstration. *Radcliffe* v. *Maddox,* 45 *Ga. App.* 676, 682 (165 S. E. 841). A fact can be proved by circumstantial evidence as well as by direct proof, and physical facts and circumstances may be sufficient to authorize the jury to disbelieve the witnesses offered by a party and thereby impeach them. *Atlanta & Birmingham Ry. Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277). "The physical facts and circumstances alone in the case may afford proof of the defendant's

negligence, and may be such as to raise an issue of credibility for determination by the jury, notwithstanding the defendant's witnesses, to rebut the presumption of negligence, may have testified as to their exercise of ordinary care and that the casualty was unavoidable." *Atlantic Coast Line R. Co.* v. *Paulk*, 33 *Ga. App.* 293 (125 S. E. 865). A number of authorities cited by Judge Sutton in *McRae* v. *Wilby*, 59 *Ga. App.* 401, 410 (1 S. E. 2d, 77), show that the law clearly establishes the right of the jury to discredit direct and positive testimony if the circumstantial evidence can reasonably be said to be inconsistent therewith. That decision also quotes from *Central of Georgia Ry. Co.* v. *Bagley*, 121 *Ga.* 781 (4) (49 S. E. 780), that "the fact that a witness is an employee of one of the parties is a proper matter to be considered by the jury in passing upon his credibility." The only witnesses offered by the defendant were its employees and were the servants operating the trains alleged to have been negligently operated. We think that it was for the jury to say whether the circumstantial evidence as to the manner in which the deceased was killed was reasonably inconsistent with the testimony of the defendant's witnesses. Other cases illustrative of instances in which a plaintiff could recover for the negligence of a railroad, notwithstanding the testimony of its servants that they were in the exercise of ordinary care and were not negligent, include *Western & Atlantic R. Co.* v. *Clark*, 2 *Ga. App.* 346 (58 S. E. 510), *Central of Georgia Railway Co.* v. *Grace*, 46 *Ga. App.* 101 (166 S. E. 684), and cases cited therein, and *Pidcock* v. *Stripling*, 66 *Ga. App.* 692 (19 S. E. 2d, 178).

The negligence charged to the defendant included the maintaining of the crossing in a congested area unguarded and unmarked, without a flagman or watchman, and without automatic gates or signal devices or other warning, in violation of ordinances of the City of Atlanta. These ordinances were introduced in evidence, and the testimony tended to establish these particular acts of alleged negligence. Other physical facts and circumstances were shown, which the jury may have been authorized to find constituted negligence on the part of the defendant. The evidence does not disclose what the deceased did or did not do, on the occasion in question, and he is presumed to have been in

the exercise of ordinary care for his own safety, under the ruling in *Collier* v. *Pollard*, 60 *Ga. App.* 105, 109 (2 S. E. 2d, 821).

Under the principles of law set out in the cases cited herein, we think that this case should have been submitted to the jury. Whether the evidence preponderated in favor of the theory that a train of the defendant inflicted the mortal wounds upon the deceased, as contended by the plaintiffs, rather than to some other reasonable theory, and whether the defendant was negligent in one or more of the ways claimed by the plaintiffs, and whether such negligence was the proximate cause of the death of the deceased, are questions which we think should have been submitted to the jury. Under this view of the case it was error to direct the verdict for the defendant, and the plaintiffs' motion for new trial should have been granted.

Pursuant to the act of the General Assembly, approved March 8, 1945, requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., and Townsend, J., concur. Felton and Gardner, JJ., dissent.*

FELTON, J., dissenting. Assuming for the sake of argument that the evidence of the plaintiffs was sufficient to authorize the jury to find that the deceased was hit by one of defendant's trains on the crossing, the testimony of the employees who operated the only two trains of the defendant which could have struck the deceased showed that the engines of the trains they operated did not strike the deceased at the crossing. The testimony was consistent with various hypotheses where in the deceased could have been situated where he was without having been struck by an engine on the crossing, and the testimony of the witnesses was uncontradicted and the witnesses were in no way impeached. If there was a permissible inference of liability, it was conclusively overcome by the testimony of the defendant's employees. The only question in the case as I see it is whether the evidence authorized a finding that a train of the defendant struck the deceased at the crossing in such a way as to create liability. If it did, then the plaintiffs could travel on the statutory presumption. I do not think that the inference is authorized that the defendant's engine struck the deceased on the crossing. If the defend-

ant's train did not strike the deceased on the crossing, it would not be liable; and if he was struck by a part of the train other than the front of the engine, I do not think that the defendant would be liable. I do not think that the defendant's evidence overcomes the presumption of negligence alleged. There was not enough evidence to give rise to the presumption. GARDNER, J., concurs in the dissent.