CENTRAL TRUCK LINES, Inc., Appellant,

v.

Mrs. Doris LOTT, Individually and as Administratrix of the Estate of Jack Lott, Deceased, Appellee.

No. 16575.

United States Court of Appeals Fifth Circuit.

Dec. 5, 1957.

Charles L. Gowen, Chris B. Conyers, Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., for appellant.

Ronald F. Adams, Jesup, Ga., Ralph L. Dawson, Ludowici, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellant, Central Truck Lines, Inc., has presented as its chief question on appeal whether or not the circumstantial evidence adduced by appellee, Mrs. Doris Lott, in support of her civil action was sufficient to justify submission of the case to the jury. Appellee based her action against appellant for the wrongful death of her husband in an auto-truck collision mainly on the charge that appellant's truck negligently crossed the center line of the highway, striking the auto driven by, and fatally injuring, the deceased. At the conclusion of appellee's evidence appellant moved the Court for a directed verdict, and the motion was denied. After all the evidence was in and the jury had returned a verdict in favor of appellee for $41,249.21, appellant made timely motion for a judgment notwithstanding the verdict, which motion was also denied.

The deceased, at the time of the accident, was driving in the nighttime north on U. S. Highway No. 1. The road was a paved two-lane highway running generally north and south and, at the point of the accident, it curved slightly to the east as deceased drove his car northerly along it. Appellant's truck was traveling south and had begun rounding the curve when the accident took place. After the impact both vehicles came to rest on the east, i. e., the deceased's, side of the highway.

Appellee introduced one witness, who testified that he had been following about four hundred yards behind appellant's truck for a distance of about four miles, and that the speed of the truck was approximately sixty-five miles per hour. He saw the truck at the time of the collision, but did not testify as to which side of the road it was on when the accident occurred. But he did testify that the glass, chrome and other debris resulting from the collision were on the east side of the highway, and that the skid marks tracing to the point where the deceased's car came to rest were on the east side of the center line.

These physical facts were verified by a witness living nearby who ran from his home after the accident occurred, finding the deceased lying beside his automobile. He, along with the sheriff

of the county and a deputy who arrived some thirty minutes later, all testified that the debris, the skid marks, and the major portion of the gasoline spilled from the cars were on the east side of the center line.

Appellant's chief witness was the driver of its truck, who testified that he was traveling at a speed of between forty and forty-five miles per hour, that the deceased drove across the center line of the highway and struck the truck, which caused it to go out of control and to move over onto the east side. His testimony as to speed was contradicted by the direct testimony mentioned above, and also by calculation based upon the distance he had admittedly traveled and the time consumed in the trip. His testimony was also discredited by that of a witness who heard him state immediately after the accident that he did not know how the collision occurred. Some inconsistencies were developed, also, between his testimony at the trial and that which he had given by deposition.

■ Appellant argues that appellee relies entirely upon circumstantial evidence as to the side of the highway on which the collision took place, and that this testimony is not sufficient to raise an issue of fact with the testimony of the truck driver, who stated positively that decedent crossed the center line and collided with appellant's truck. This contention is based upon the general rule recognized in Georgia that positive testimony of a witness must be accepted when the witness is unimpeached and disinterested, and when the circumstantial evidence does not tend to contradict his testimony but is consistent with it.[1]

■ But it is clear from the facts recited above that the driver of the truck was not disinterested or unimpeached; and that his testimony was not consistent with, but was contradicted by the circumstantial evidence relied on by appellee. Negligence is a fact which may be established by circumstantial evidence as well as by direct evidence. Georgia Coast & P. R. Co. v. Smith, 1918, 22 Ga.App. 332, 95 S.E. 1017.

■ The rule applying in such a case as this is well epitomized by the court's syllabus in the case of McRae v. Wilby, supra:

" 'The rule that the uncontradicted testimony of unimpeached witnesses cannot lawfully be arbitrarily disregarded "does not mean that the jury are obliged to believe testimony which under the facts and circumstances disclosed they in fact discredit, but means that they are to consider the testimony of every witness who is sworn, and not arbitrarily disregard the testimony of any witness." ' * * * The interest of a witness in the result of the suit, * * * may always be considered in passing on his credibility; and * * * 'The fact that a witness is an employee of one of the parties is a proper matter to be considered by the jury in passing upon his credibility.' "

The foregoing rule was approved and applied in a case[2] bearing a close factual resemblance to this one. Sturkie sued the Express Company for damages to his automobile, alleging that one of its trucks ran off the highway and struck his parked automobile. He testified that he had parked the car, with its lights burning, a short distance off the highway with the emergency brake, which was in good condition, tightly set. Upon hearing the crash he came out, and the driver of the truck stated to him that

1. Cf. McRae v. Wilby, 1939, 59 Ga.App. 401, 1 S.E.2d 77, 78, 82; Frazier v. Georgia Railroad, etc., Co., 1899, 108 Ga. 807, 33 S.E. 996; Georgia Railway & Electric Co. v. Harris, 1907, 1 Ga.App. 714, 57 S.E. 1076; Neill v. Hill, 1924, 32 Ga.App. 381, 123 S.E. 30, and Bent-

ley v. Southern Railway Co., 1935, 52 Ga. App. 188, 182 S.E. 815. And cf. also our case of Morrison v. Le Tourneau Co. of Ga., 5 Cir., 1943, 138 F.2d 339.

2. Georgia Highway Express, Inc., v. Sturkie, 1940, 62 Ga.App. 741, 9 S.E.2d 683, 686.

he did not know how the collision happened. At the trial the truck driver testified that he saw the car without lights begin to move slowly onto the road and that it struck the tractor of his truck about the center of the highway. In affirming a jury verdict for Sturkie, the Court of Appeals held that the testimony of plaintiff concerning the application of the brakes and their good condition was sufficient to justify a finding by the jury "that the car did not of itself and gravity run onto the highway;" and that "Hence, the positive testimony of the defendant's driver, that the car did run, unattended, onto the highway, could not be said to be consistent with the circumstantial evidence."

■ It is the rule uniformly applied by this Court[3] that it is the function of the jury to decide issues depending upon the credibility of witnesses and the effect or weight of evidence; and that, where uncertainty arises either from conflict in the testimony or from undisputed testimony with respect to which fair-minded men may honestly draw different conclusions, the question presented is not one of law, but one of fact for jury decision.[4] And the Courts of Georgia also subscribe to the rule.[5]

■ Under the evidence above outlined and the authorities cited,[6] we think a question was presented for jury decision and that the Court did not err in refusing to direct a verdict in favor of appellant.

The judgment is, therefore,

Affirmed.

---

3. Cf. Reuter v. Eastern Air Lines, Inc., 5 Cir., 1955, 226 F.2d 443, and 5 Moore's Federal Practice, 2d Ed., p. 102 et seq.

4. Springer v. Citizens Casualty Co., 5 Cir., 1957, 246 F.2d 123; Parish v. Pacific Indemnity Co., 5 Cir., 1955, 221 F.2d 483; Nesbit v. Everette, 5 Cir., 1955, 227 F.2d 157; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930; Wright v. Paramount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303; Reid v. Maryland Casualty Co., 5 Cir., 1933, 63 F.2d 10; and Mutual Life Ins. Co. of New York v. Savage, 5 Cir., 1929, 31 F.2d 35.

5. The Court of Appeals of Georgia stated in a recent case, Dodd v. Callaway, 1948, 76 Ga.App. 629, 46 S.E.2d 740, 743: " 'No principle is better settled in Georgia than that a verdict should not be directed, unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed * * * The paramount right of the jury to decide any issue of fact in every case, in Georgia, is absolutely exclusive of any such prerogative on the part of the judge. The exercise of this power by the jury, unless waived by the parties, is an indispensable requisite of a legal trial in this state, and an invasion of this right (as has been held by our Supreme Court times without number) demands grant of another trial.' Thus spake Judge Russell in Davis v. Kirkland, 1 Ga.App. 5, 8, 9, 58 S.E. 209, 211. It is true that the Code authorizes verdicts to be directed. 'Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto.' Code, § 110-104."

6. To which might be added a number of Georgia cases: Armstrong v. Ballew, 1903, 118 Ga. 168, 44 S.E. 996; Detwiler v. Cox, 1904, 120 Ga. 638, 48 S.E. 142; Wilson v. Gray, 1925, 34 Ga.App. 320, 129 S.E. 297; and Fincher v. Harlow, 1937, 56 Ga.App. 578, 193 S.E. 452.