## ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* SCRUGGS, by next friend.

This being an action against a railroad company by an employee, for damages for alleged personal injuries, and there being no direct evidence of negligence, the plaintiff relying solely upon the presumption of law arising from proof that he was without fault, and the uncontradicted evidence of the defendant being of such a character as to rebut the presumption, it was error to overrule a motion for a new trial based upon the ground that the verdict was contrary to law and the evidence.

Argued November 5, — Decided November 17, 1903.

Action for damages.    Before Judge Fite.    Dade superior court. May 20, 1903.

*J. P. Jacoway*, for plaintiff in error.    *B. T. Brock*, contra.

COBB, J.    The only error assigned in this case is upon the refusal of the judge to grant a new trial upon a motion based solely on the general grounds.    The plaintiff recovered a judgment against the railroad company for five hundred dollars.    No question is made as to the reasonableness of the verdict, the company contending simply that the plaintiff was not entitled to recover any amount.    The plaintiff was upon a lever car helping to operate the same, and was injured by the breaking of what he called the "handle" of the car and what other witnesses referred to as the

"lever." It appears that by the breaking of this handle or lever the plaintiff was precipitated from the car and injured. Under such circumstances the law raises a presumption of negligence against the company; and the question in this case is whether the evidence for the defendant was sufficient to demand a finding that such presumption had been rebutted. It appeared that this handle or lever had been broken and had been sent to the shops of the company for repairs; that when it was sent back for use upon the car the break appeared to have been repaired by a weld, and there was nothing to indicate an improper welding. If there was any defect in the manner of repairing the lever, it was latent. Before using the lever which had been repaired, the foreman of the section examined the same and tested it, and, so far as he was able to discover, it was in a condition suitable to be used. He testified that the lever had been in use about ten days when the plaintiff was injured, and that some six, eight, or ten days before he had had it tested by the men; that he never noticed any defect in it, and that if there was any defect in it, it was of such a character that it could not have been discovered. This evidence was uncontradicted. The plaintiff testified that if there was any such test made, he did not know it and took no part in it, but he does not deny the truth of the foreman's statements. We think the evidence for the defendant was of such a character as to overcome the presumption of negligence; and being uncontradicted, the verdict in favor of the plaintiff was contrary to law. See, in this connection, *Stewart* v. *Seaboard Air-Line Railway*, 115 *Ga.* 628.

*Judgment reversed. All the Justices concur.*