## WALKER v. CHARLESTON & W. C. RY. CO.

(Circuit Court of Appeals. Fifth Circuit. October 20, 1925.)

No. 4596.

**1. Master and servant ⬳265(6)—Statutory presumption of negligence may be rebutted by unimpeached evidence requiring directed verdict.**

Presumption of negligence against employer, arising under Civ. Code Ga. 1910, § 2782, from death of railroad employee, is not conclusive, and, if rebutted by uncontradicted and unimpeached evidence, court should direct verdict for defendant.

**2. Master and servant ⬳285(3)—Statutory presumption of negligence held rebutted, warranting directed verdict.**

In action for death of railroad employee, supposedly killed when handle of alleged defective jack under freight car flew violently up and struck him under chin, presumption of negligence of employer, arising under Civ. Code Ga. 1910, § 2782, *held* conclusively rebutted, and verdict for defendant properly directed.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Action by Rosalie Walker against the Charleston & Western Carolina Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Benj. E. Pierce and Wallace B. Pierce, both of Augusta, Ga. (A. R. Williamson, of Augusta, Ga., on the brief), for plaintiff in error.

Bryan Cumming, of Augusta, Ga., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action for the death of plaintiff's husband, Oscar Oliver Walker, while he was employed by the defendant railway company as an apprentice car repairer. The act of negligence charged is that defendant furnished a defective jack to be used in raising and lowering one end of a freight car, for the purpose of removing a truck and replacing it with another truck.

On the day of the injury complained of, plaintiff's husband and one Garnett Odom, another apprentice car repairer, under the general direction of defendant's superintendent or foreman, each secured a large jack and by means thereof raised up one end of a freight car and rolled the truck at that end out from under it. They then secured a larger truck, which they placed under the end of the car they had raised, and proceeded to lower the end of the car by means of the jacks down onto the truck. While they were doing this, by operating the handles on the jacks which worked up and down, the handle of the jack which Walker was operating in some way flew violently up, struck him under the chin, and killed him almost instantly. In lowering the car, Walker had operated the handle of his jack more rapidly than Odom had, and his side was consequently a

little lower. While the car was in this position, another employee of defendant, one Hightower, came along and assisted Odom to lower his side more rapidly. Hightower and Odom heard a noise, which Hightower took to be the coming together of the couplings or center plates, by which the trucks were held in place under the car. One Louis Norman testified for plaintiff that he heard a noise which sounded to him like a jack slipping some of its notches.

There was evidence for defendant to the effect that almost immediately after the accident employees of defendant examined the position of the car with the jacks still under it, and under conditions which were the same as when plaintiff's husband was killed; that the end of the car had not been lowered enough for the couplings or center plates to come into contact with each other; that the car was raised and lowered by means of the same jacks which were being used at the time of the accident; and that neither jack slipped, but both worked perfectly. The jack which plaintiff's husband was operating at the time of his death was carefully kept and brought into court in the condition which it was in when the accident occurred. That jack, according to several witnesses for defendant, was in perfect condition. It was produced in court and tendered to plaintiff for examination. Notwithstanding that plaintiff had a witness who claimed to be an expert in the construction and use of jacks, it was not shown by any evidence that it was worn, or that there was any defect whatever in it. The evidence for both plaintiff and defendant was to the effect that a jack in good condition when operated goes up and down one notch at a time and then catches, and that it will not slip by a notch. At the close of all the evidence the District Judge directed a verdict for defendant, and judgment was accordingly entered thereon.

[1] Section 2782, Civ. Code Ga., provides, among other things, that "in case death results from injury to the employee, the employer shall be liable unless it make it appear that it, its agents, and employees have exercised all ordinary and reasonable care and diligence, the presumption being in all cases against the employer." However, this presumption of negligence is not conclusive, but, if it is rebutted by uncontradicted and unimpeached evidence, it is the duty of the court to direct a verdict for the defendant. Seaboard Air Line Ry. v. Walthour, 117 Ga. 427, 43 S. E. 720; Ala. Great Southern R. R. Co. v. Scruggs, 119 Ga. 70, 45 S. E. 689; Central of Ga. Ry. Co. v. Mote, 120 Ga. 593, 48 S. E. 136.

[2] It is clearly shown that the witness Hightower was mistaken in his belief that the accident was caused by the coming together of the coupling plates, as the uncontradicted evidence was that the end of the car had not been lowered enough to permit the plates to come into contact with each other. The unsupported opinion of the witness Norman that the jack had slipped some of its notches was conclusively shown to be erroneous by all the other testimony in the case. The notches did not slip when subjected to the same test they had undergone on the occasion of the death of plaintiff's husband. An examination of the jack at the trial disclosed that it was not in a defective condition. We agree with the District Judge that the evidence shows conclusively that the injury complained of was not caused by any defect of which complaint is made in the petition.

The judgment is affirmed.