THE GEORGIA RAILROAD & BANKING CO. *vs.* WALL.

When it is shown that damage has been done to live-stock by the running of a railroad train, a presumption of negligence arises against the company; but this presumption is subject to be rebutted and overcome by evidence; and where this has been done by the uncontradicted testimony of the employés of the company, a verdict finding against it is contrary to law and evidence. The testimony of employés of a railroad company, in the absence of anything to discredit or contradict it, cannot be arbitrarily disregarded. (Rep.)

January 30, 1888.

Railroads. Negligence. Presumptions. Verdict. Before Judge JENKINS. Baldwin superior court. July term, 1887.

Action for damages for killing a mule and disabling two others by defendant's train running through plaintiff's

plantation. The evidence for the plaintiff was, in brief, as follows :

One morning, one of the mules was found with one of its legs cut off, from which injury it died. Another was injured in the hips and broken down. They seemed to have gotten on the track about 150 yards from where they were struck, and run that distance. The track there was on an embankment six or eight feet above level ground, and was straight. There was a crossing near the place. The third mule was hurt by having part of its hoof knocked off and one of its legs skinned. It was about two months before the latter two could be worked. The mules probably escaped from the lot where they were enclosed. It was a bright, moonlight night. There was no brakeman on the train except the fireman on the engine, and he was not on the lookout.

The defendant's evidence was, in brief, as follows : The train was running at the rate of about 16 miles an hour, about schedule time. When the engineer first saw the mules, they were about 40 yards ahead, and they ran about that much further before they were struck. The train was going down grade, and it would have taken about 200 yards to stop it. There was some fog at the time which prevented the mules from being seen before ; as soon as they were seen, brakes were applied and efforts made to stop the train. When first seen, the mules were standing still. The whistle was blown. There was a good headlight. Nothing was omitted that could be done to prevent the injury. The embankment was gradual. The stock-law was of force in that district. There was some testimony tending to show that the plaintiff's lot fence was insufficient.

After verdict for the plaintiff, a new trial was moved for and refused, and the defendant excepted.

C. P. CRAWFORD, for plaintiff in error.

WHITFIELD & ALLEN and J. H. LUMPKIN, *contra.*

BLECKLEY, Chief Justice.

Wall brought an action against the railroad company for killing one mule and injuring two others by the running of a train. The case was fully made out, to the extent of casting upon the railway company the burden of explanation. The explanation which it attempted to make was by employés who were upon the train at the time; and from their evidence it appeared that the casualty took place early in the morning before daylight, and that there was a fog prevailing at the time which prevented the mules from being seen at a distance within which it was possible to stop the train. If their evidence be true, it was a physical impossibility to protect the lives of these mules after they could have been seen; and their evidence is not contradicted by any witness, nor, so far as we can perceive, by the circumstances of the case.

The law, by raising a presumption of negligence and requiring the company to rebut that presumption by showing that all ordinary and reasonable diligence was observed, means to accept such explanation as, according to the manner of conducting business, it is possible to make. It is generally out of the power of the company to show this diligence except by its employés. The law, therefore, certainly means to receive their evidence as the evidence of other witnesses is received, subject to be weighed, and if there be anything against it, discredited, but to be credited and respected if there be nothing against it. There is no other way to carry out the scheme of the law, which is, to require the railroad company to show the observance of all ordinary and reasonable diligence. To arbitrarily reject the explanation because it comes from employés is to cut off the company from defence altogether; it is to stand on the presumption and treat it as impossible to make defence. That is not the scheme of the law. In this case the defence was complete, and we think the jury found contrary to evidence and contrary to law. There is no law

that entitles a jury not to recognize due proof when it is made. The motion for a new trial having been denied, we reverse the judgment and direct that a new trial be had.

Judgment reversed.