## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* SANDERS.

When it is shown by a plaintiff in an action against a railroad company to recover damages for killing a cow that the animal was killed by the running and operation of a train of cars, the law raises a presumption of negligence against the company, and, without more, the plaintiff is entitled to recover the value of the animal killed. Such presumption, however, may be rebutted ; and when the evidence of the engineer and fireman on the locomotive which struck the animal is to the effect that she came upon the track suddenly and immediately in front of the locomotive, and that all reasonable and ordinary diligence was used to prevent striking the animal, but without avail, such presumption is successfully rebutted ; and when there is no evidence disproving or tending to disprove this evidence of the trainmen, the owner is not entitled to recover.

Argued May 22,—Decided June 8, 1900.

Certiorari. Before Judge Candler. Lowndes superior court. November term, 1899.

*John I. Hall* and *J. G. Cranford*, for plaintiff in error.
*A. T. Woodward* and *E. R. Austin*, contra.

LITTLE, J. If there is any one question settled by general law and the interpretation by this court of our statutes, it is, we think, that of the liability of a railroad company to respond in damages to the owner for the killing of live stock by the running and operation of its engines and cars. There are duties owing by the railroad company to the owners of stock, and by such owners to the railroad company. The latter is entitled to the free and unobstructed use of its track, while the owner is entitled to have redress for the wilful or negligent killing of or injury to his stock; and while the owner may not be compelled to keep his stock so that they will not trespass on the railroad track, so a railroad company can not be held liable for

the killing or injury when it has been guilty of no negligence, but in good faith has endeavored to prevent such injury or killing. When stock has been injured or killed by the running of a locomotive or train of cars, and such fact is shown, the law presumes that the company was guilty of negligence in injuring or killing such stock, and, if nothing more appears by the evidence, the owner, resting on such presumption, is entitled to recover. This presumption, however, is subject to be rebutted, and when rebutted, and there is no conflict in the evidence, the owner is not entitled to recover. *Georgia Railroad & Banking Company* v. *Wall*, 80 *Ga.* 202.

In the present case it was clearly shown on the part of the plaintiff that a cow of the value of fifty dollars, belonging to him, was killed by the running and operation of a train of cars of the plaintiff in error in the county of Lowndes. When these facts were shown, the plaintiff rested his case, and in rebuttal the engineer and fireman on the train which struck and killed the cow were examined as witnesses for the defendant. It appears from the testimony of these witnesses that the cow suddenly came upon the railroad-track in front of the engine, that these employees were on the lookout and could not discover this particular cow until she made her appearance on the track, and that then the engineer used all ordinary and reasonable diligence by putting on the brakes and otherwise attempting to prevent striking the cow, but that the distance between where she came on the track and the engine was so short that the train could not be stopped, and so she was struck and killed. This evidence fully rebutted the presumption of negligence which the law raised in this case against the company. No other testimony was offered by the plaintiff, according to the record, and, under the well-known rules of law cited above, the plaintiff was not entitled to recover. Had there been a conflict of evidence on the question as to whether there was negligence on the part of the employees of the company in striking and killing the animal, all parties would have been compelled to yield to the determination of the question of negligence made by the court, or jury, trying the case. But as there was no conflict of evidence on the question of negligence, it must be ruled that as the presumption was overcome by the evidence of

the witnesses for the defendant, no right to recover rested in the owner of the cow.   *Ga. R. R. Co.* v. *Walker*, 89 *Ga.* 204.   The court, therefore, committed error in overruling the certiorari.

   *Judgment reversed.   All concurring, except Fish, J., absent.*