SEABOARD AIR-LINE RAILWAY *v.* WALTHOUR.

SIMMONS, C. J. While the law raises against a railway company a presumption of negligence whenever the fact is made to appear that live stock was killed by the running of its cars, yet this presumption can not withstand positive evidence that the company's employees exercised ordinary diligence, both as regards maintaining a lookout for stock, and endeavoring to avoid injury to the same when discovered. *South Carolina R. Co.* v. *Powell*, 108 *Ga.* 437; *Georgia Southern Ry. Co.* v. *Sanders*, 111 *Ga.* 128. Relevant testimony in behalf of the company on the part of its servants can not, if they be unimpeached, arbitrarily be disregarded by court or jury, upon the assumption that it is not, in point of fact, in accord with the truth. *Georgia Southern Ry. Co.* v. *Thompson*, 111 *Ga.* 731; *Georgia & Alabama Ry. Co.* v. *Cook*, 114 *Ga.* 760, 762. So it necessarily follows that where, as in the

present case, a plaintiff relies for a recovery wholly upon the presumption of law arising in such cases, and this presumption is rebutted by uncontradicted evidence introduced by the defendant company, to the effect that its servants were without fault, a verdict in favor of the plaintiff can not properly be allowed to stand. *Central of Georgia Ry. Co.* v. *Wood,* 105 *Ga.* 499.

*Judgment reversed. By four Justices. Candler, J., dissenting.*

CANDLER, J., dissenting. In an action for damages against a railroad company for the killing of live stock, a presumption of negligence arises against the defendant upon proof that the stock was killed by the running of its "locomotives, or cars, or other machinery." Civil Code, § 2321. The killing may be established by circumstantial evidence, the weight of such evidence being exclusively for the jury. Evidence offered in behalf of the railroad company, that one of its trains ran over the plaintiff's horse after it had been killed, does not prove that the horse was not killed by some one of its trains, nor does it rebut the presumption of negligence arising from the introduction of evidence, satisfactory to the jury, that the horse was so killed.

Submitted February 27,—Decided March 17, 1903.

Action for damages. Before Judge Seabrook. Liberty superior court. March 5, 1902.

*Walter J. Johnson* and *Mackall & Anderson,* for plaintiff in error.