### 2776. GEORGIA RAILWAY & ELECTRIC CO. *v.* BAILEY.

RUSSELL, J. 1. Under the rules of the city court of Atlanta, where an amendment was filed in response to a ruling invoked by a special demurrer, and in pursuance of an order expressly granting leave to amend, and was not objected to within the time and as otherwise provided by the rules, the court did not err in refusing to strike the amendment, which was merely amplificative in character. The court, by an order nunc pro tunc, might formally have allowed the amendment; but this is not necessary, where the amendment filed is deemed by the court to be in compliance with the requirement to amend.

2. A party has the right to amend his pleadings in any case, if they contain enough to amend by; and the petition in the present case set forth a good cause of action, without regard to the amendment required by the court. For that reason, even if a formal order allowing the amendment had been required, the omission of this order would have been harmless to the defendant, even if the defendant had not had an opportunity to object to the allowance of the amendment. However, under the rule of the city court of Atlanta upon this subject, the defendant's objection at the trial term to the amendment which had been filed came too late to be considered.

3. The objections mentioned in the Civil Code (1910), § 5913, which should be made before a court commissioner taking depositions, are formal objections to the testimony, or to the competency of the witness, so far as then known to the objecting party. The fact that at the taking of the depositions the party did not make objection to the testimony does not prevent him at the trial from objecting to it upon substantial grounds, such as irrelevancy or incompetency, as to which the law does not require objection to be made at the time the witness is offered. Testimony purely hearsay has no probative value, and may be stricken out by the court at any time during the progress of the trial, even though no formal objection was made at the time of its being given by the witness. Objections as to the competency and relevancy of the evidence need not be made at the taking of the depositions. The objections which must be made at that time, or which otherwise will be considered to be waived, are restricted to those affecting the formal development of the evidence.

4. The statement of the witness that she was dependent upon her son was the statement of a fact, and not objectionable as being a mere conclusion. This statement, if made alone, might have been shown by cross-examination to have been an inference unsupported by facts; but the witness had already given the facts upon which the statement was predicated. Any witness, after having related the facts upon which he bases an opinion, is permitted to give an opinion, and its probative value is a matter for the jury.

5. There was no error in admitting in evidence the municipal ordinance. As construed by the trial judge, the ordinance prescribed no more than is required by law upon the subject. Even if the admission of the ordinance was error, the error was harmless, because the court construed the ordinance in conformity with the general law, and so restricted its operation that the defendant was not required by it to provide an appliance more perfect than the law requires.

6. As against a railroad company, when the plaintiff proves he was injured by the operation of its cars, and proves his damages, the statutory presumption of negligence completes in favor of the plaintiff a case which prima facie entitles him to recover. The presumption extends to all the acts of negligence alleged, and primarily this presumption is sufficient to prove the negligence alleged. For this reason it is not error for the court, in charging the jury, to refer to the acts of negligence alleged; nor can the complaint that a charge upon the law applicable to the acts of negligence alleged is unauthorized by the evidence be sustained, where a prima facie case of liability is so established as to require evidence on the part of the defendant to rebut it.

7. In view of what is said above in the sixth paragraph, it was not error for the court to state to the jury the recitals of negligence as contained in the plaintiff's petition. Nor was it error for the court to instruct the jury to the effect that, when the plaintiff had established a prima facie case by proving that the injury was due to the running of the defendant railroad company's car, the burden was upon the company to show that the injury was not occasioned by any of the acts of negligence alleged, and that the defendant was not liable for any of the reasons stated in the petition.

8. A mother who is substantially dependent on her minor child for support, and whose child materially contributes thereto, may recover for the homicide of the child.

9. The evidence authorized the verdict.                    *Judgment affirmed.*

DECIDED FEBRUARY 25, 1911. REHEARING DENIED MARCH 1, 1911.

Action for damages; from city court of Atlanta—Judge Reid. June 11, 1910.

*Colquitt & Conyers,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman,* contra.