## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY v. THORNTON.

1. Where a suit was brought by a widow against a railroad company for the homicide of her husband, and one contention of the defendant was that the husband negligently sought to cross the railroad-track almost directly in front of a moving train, it was not admissible for the defendant to introduce evidence to show that the decedent had been seen on other occasions to run across in front of a moving train at the same station. *East Tennessee etc. R. Co. v. Kane*, 92 *Ga.* 187 (4), 191 (18 S. E. 18, 22 L. R. A. 315); *Atlanta & West Point R. Co. v. Smith*, 94 *Ga.* 107 (3), 110 (20 S. E. 763); *Atlanta Consolidated Street Ry. Co. v. Bates*, 103 *Ga.* 333 (6), 336 (30 S. E. 41); *Central of Georgia Ry. Co. v. Ross*, 107 *Ga.* 73 (32 S. E. 904).

2. The charge to the effect that whenever a railroad company is shown to have killed a person by the running or operation of its locomotive or cars, the presumption is that the company was negligent "in all the ways alleged according to law" in the declaration against it, and the burden is put upon the company to show that its agents and employees exercised all ordinary care and diligence, when taken in connection with the entire charge, was not erroneous.

3. There was no error in charging, in effect, that if the death of a man results from negligence on the part of another, the cause of action for his homicide is in his wife, if she survives him, and she has the right to sue for such negligent homicide of her husband, and "to recover the full value of his life, without deduction for necessary or other expenses had he lived."

   (a) This charge was not subject to the criticism that it did not instruct the jury that the negligence complained of must be the negligence of the party sued. The charge was dealing with the question of the right of the widow to bring suit for the negligent homicide of her husband, and the extent of a recovery in such a suit, including the full value of the life of the deceased, as shown by the evidence, without deduction for necessary or other personal expenses of the deceased had he lived. In connection with the general charge, it could not have been understood by the jury as applying to the negligence of any person save that of the defendant.

   (b) Neither was such charge subject to the criticism that it took away from the jury the consideration of comparative damages, that is, that if the deceased and the agents of the company were both at fault, the plaintiff might recover, but the damages should be diminished by the jury in proportion to the amount of default attributable to the deceased. The rule of comparative damages was fully given in charge, and, taken together, there could have been no mistake as to the instructions of the court on the subject of damages.

4. Nor, when considered in connection with the general charge, was there any error in charging: "The degree of care and caution required of the defendant railway company in this case, and likewise required of

31

the plaintiff's deceased husband, [naming him], if you find that to be the truth of the case, is ordinary care and diligence. That is the degree of care and diligence required of both parties, that is the railway company and the deceased [naming him]." Elsewhere in the charge the presiding judge had instructed the jury that if the plaintiff's husband was not upon the crossing and using it for the purpose of crossing the tracks of the defendant, he would, relatively to it, be a trespasser, and the defendant would owe him no duty except not to willfully and wantonly injure him after his presence became known to it. The charge as a whole showed that the excerpt first above referred to had reference to the degree of diligence required of the parties respectively, if the husband of the plaintiff was crossing the track at a public crossing when injured, as contended by the plaintiff; and the second instruction mentioned dealt with the contention of the defendant that the plaintiff's husband was not on the crossing when injured, but was a short distance therefrom, and was a trespasser.

5. There was no error in charging as follows: "If you find that the plaintiff's deceased husband [naming him] and the railway company were both at fault, that is, both negligent, and yet if you find that [the husband's] negligence in any manner or thing which was the proximate cause of his death did not amount to a failure to exercise ordinary care and diligence for his own protection, and that he could not by the exercise of ordinary care and diligence have avoided the consequence of the defendant's negligence after the same was existing and known to him, or should have been known to him, under the rules of law which I have given you in charge, then the plaintiff may recover in this action, but the amount of recovery should be reduced by the amount of fault attributable to plaintiff's deceased husband [naming him]." This charge was not subject to the criticism that it included two distinct rules of law, which are embodied in the Civil Code (1910), §§ 2781 and 4426 respectively, in such manner as to limit and modify each other. *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (8), 209 (58 S. E. 769); *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (2), 13 (68 S. E. 789); *Western & Atlantic R. Co.* v. *Davis,* 139 *Ga.* 493 (77 S. E. 576).

(*a*) Nor was there error for a like reason in the charge complained of in the eleventh ground of the motion for a new trial.

(*b*) It was not error for the presiding judge to omit to charge, in the absence of a timely request therefor, that if the negligence of the deceased was equal to or greater than that of the defendant the plaintiff could not recover. *Central Ry. Co.* v. *Gill.* 136 *Ga.* 240 (71 S. E. 166).

6. None of the other grounds of the motion for a new trial furnish cause for reversal, or require discussion in detail. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

DECEMBER 18, 1915.

Action for damages. Before Judge George. Crisp superior court. January 5, 1915.

*J. E. Hall, Guyton Parks,* and *Charles J. Bloch,* for plaintiff in error. *F. G. Boatright,* contra.

LUMPKIN, J.   Mrs. W. H. Thornton brought suit against the Georgia Southern and Florida Railway Company, to recover damages on account of the homicide of her husband.  A verdict was rendered in favor of the plaintiff.  A motion for a new trial was made by the defendant, which was overruled, and it excepted. The headnotes set out the rulings of the court.  None of them require elaboration, except the second.  One ground of the motion for a new trial assigned error on the following charge: "Whenever a railroad company is shown to have killed, or to have produced the death of a [person] by the running or operation of its locomotive or cars, then the presumption is that the railway company was negligent in all the ways alleged according to law in the declaration against the railway company, and the burden is put upon the railway company to show that its agents and employees exercised all ordinary care and diligence." The error assigned on this charge was that, under it, the company would be presumed to be negligent in all of the ways alleged, while the plaintiff in error contended that the true rule of law was that the company would be negligent in some one or more of the ways alleged in the petition.  By the Civil Code (1910), § 2780, it is declared: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Thus, under the statutory law of this State, in a suit against a railway company for a personal injury, where it appears that such injury was caused by the running of the engines or cars of the defendant, a presumption arises against the defendant.  Either one of two constructions might have been placed upon this section as to the extent of the presumption.  The first was that the law presumed that the defendant was guilty of negligence of some character in the running of its engine or cars, which caused the injury, and placed upon the defendant the burden of showing that its agents exercised all ordinary and reasonable care and diligence in all respects.  The other view was that the defendant should be presumed to be guilty of the negligence alleged in the

petition, and that it could exculpate itself by overcoming that presumption. The former construction would have placed a much heavier burden upon the railroad company than the latter. But, in view of the fact that a plaintiff is required to plainly and distinctly set out his cause of action, and that it has been held that he can not recover on account of acts of negligence not alleged in the petition, it was thought to be a more logical rule that no presumption of negligence would arise against the company other than as to the act of negligence so alleged. Such was declared to be the rule in *Central of Georgia Railway Co.* v. *Weathers,* 120 *Ga.* 475 (47 S. E. 956). That decision has been reaffirmed several times, and it has been declared that if, without more, it should be shown by evidence that the injury on account of which the suit was brought was caused by the running of an engine or cars of the defendant, a presumption would arise that the company or its agents were guilty of the acts of negligence alleged in the petition. *Southern Railway. Co.* v. *Thompson,* 129 *Ga.* 367, 370 (58 S. E. 1044), and authorities cited; *Gainesville etc. Ry. Co.* v. *Austin,* 127 *Ga.* 120 (3), 124 (56 S. E. 254) ; *Alabama Great Southern R. Co.* v. *Brown,* 138 *Ga.* 328 (4), 331 (75 S. E. 330) ; *W. & A. R.* v. *Abbott,* 74 *Ga.* 851; *Kemp* v. *Central of Georgia Ry. Co.,* 122 *Ga.* 559 (50 S. E. 465). See, also in this connection, *Ellenberg* v. *Southern Ry. Co.,* 5 *Ga. App.* 389 (63 S. E. 240) ; *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App.* 185 (68 S. E. 875).

Of course the same evidence which shows the injury may disprove the presumption, or it may be rebutted by other evidence introduced by the plaintiff or by the defendant. Furthermore, the rule does not contemplate that a recovery may be based upon. allegations as to negligence which on their face may be absurd or show that the acts alleged were not negligent. In the present case there was no demurrer, nor does this ground of the motion for a new trial (numbered five in the amended motion) set up the contention that the acts alleged were, on the face of the petition, not negligent either as matter of law or as matter of fact. In fact the court charged that the burden was upon the plaintiff to show the truth of her material allegations, which were not admitted; that the plaintiff could not recover unless the defendant was negligent in one or more, or all, of the ways charged by the plaintiff in her petition; and that whether the defendant was or

was not negligent in any one or more of such ways was for the jury to determine, under the evidence and the rules of law given them in charge. Among other things he charged as follows: "I charge you that if you should find any of the acts as alleged and contended by the plaintiff in this case to exist, or if you should find any of the omissions as alleged and contended by the plaintiff in this case to exist, then it is a question for you to say whether or not those acts, or those omissions, constitute, with reference to this plaintiff, acts or omissions amounting to negligence; and by negligence is meant the failure to exercise the degree of care required of the parties involved under the circumstances of that particular case." At this point he was evidently dealing with certain allegations in the petition which would not constitute negligence as matter of law but might do so as matter of fact. We need not enter into a discussion as to the method of submitting this question to the jury, but deal with it as it is made in the ground of the motion for a new trial under consideration. The charge complained of was not subject to the criticism made upon it.          *Judgment affirmed. All the Justices concur.*