### 13260.   GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* CONVERSE.

1. The presumption of negligence which arises against a railroad company upon proof of injury to personal property by the running of its train is a presumption only of the negligence alleged in the plaintiff's petition, but where the suit instituted by the plaintiff is in a justice's court and is based upon a summons, according to the practice in such courts, and there is no petition alleging negligence, the presumption of negligence will apply to, and therefore authorize a finding upon, any theory of negligence deducible from the facts appearing from the evidence adduced upon the trial, and the plaintiff will be entitled to all legitimate inferences consistent with the facts that will authorize a finding that the defendant was negligent. Such inferences in behalf of the plaintiff, when taken in connection with the rebuttal testimony of the defendant, may constitute an issue of fact as to negligence.

2. Where it appears, from the evidence set out in the petition for certiorari, that the verdict was authorized, and the petition contains no assignment of error which would authorize the judge of the superior court to exercise his discretion in setting the verdict aside, but only complains that the verdict rendered is contrary to law, as being without evidence to support it, it is the duty of the judge of the superior court to whom the petition is presented to refuse to sanction the petition.

DECIDED FEBRUARY 7, 1923.

Petition for certiorari; from Lowndes superior court — Judge Thomas. January 11, 1922.

*J. E. Hall, Patterson, Copeland & Slater,* for plaintiff in error.

*F. S. Harrell,* contra.

STEPHENS, J. 1. This is a suit against a railroad company to recover for the value of the plaintiff's " possum dog," alleged to have been negligently run over and killed by the defendant. The dog having been found dead and cut in two on the defendant's railroad track immediately after a train had passed, a finding that the dog was killed by the defendant's train was authorized, and, under section 2780 of the Civil Code (1910), the defendant was presumably negligent. The evidence for the defendant, by the engineer of the train, that on approaching the place where the dog was found dead the track is straight for several hundred yards, that the headlight on his engine was burning, and that he could see a distance of two or three hundred yards, that he kept a lookout and could have seen a dog had one been on the track, and that he saw no dog and made no effort to stop the train or slacken its speed, while sufficient to authorize a finding that the railroad company was not negligent, does not as a matter of law demand such finding. When considered in connection with the plaintiff's evidence, which authorized a finding that the dog was killed by the defendant's train and that the defendant was presumably negligent, it authorized a finding that the dog, if negligently killed, was necessarily on the defendant's track in front of an approaching train, and that the engineer's failure to observe the dog on the straight track was negligence. The plaintiff's suit being in the nature of a summons in the justice's court and therefore containing no allegations of negligence, the presumption of negligence, which the statute raises against the railroad company upon proof that the dog was killed by it, necessarily must be based upon the assumption that the dog was upon the railroad track in a position.

where the railroad company could as a matter of fact be negligent. Therefore, giving to the plaintiff the full benefit of the presumption of negligence, the dog necessarily must have been upon the railroad track in front of the approaching train, and could not have run under a passing train, as contended by the defendant, since in the latter event there could be no negligence as a matter·of fact by the railroad company. The. question of negligence therefore was an issue of fact for· the jury, and, there being evidence as to the value of the dog, a verdict finding for the plaintiff was supported by the evidence, and the trial judge properly refused to sanction a petition for certiorari presented by the defendant, which complained only that the verdict was without evidence to support it.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*