19192. GEORGIA RAILWAY & POWER CO. *v.* SHAW.

DECIDED SEPTEMBER 19, 1929.

*Colquitt & Conyers, Hugh Burgess,* for plaintiff in error.
*Reuben R. & Lowry Arnold, B. P. Gambrell,* contra.

STEPHENS, J. L. L. Shaw instituted suit against Georgia Railway & Power Company, to recover damages for personal injuries alleged to have been received by him and caused by the negligence of the defendant in the operation of its street-car along its track in a public street in the City of Atlanta and running into the plaintiff while he was standing by the side of the track engaged in placing

things in an automobile which was standing in the street by the side of the street-car track. A verdict was rendered for the plaintiff in the sum of $6,500. The defendant made a motion for a new trial upon the grounds that the verdict was without evidence to support it, and of alleged errors in the charge, and in rulings on the admissibility of testimony. This motion was overruled and the defendant excepts.

As counsel for the plaintiff in error in their brief virtually concede that the evidence supports the verdict found for the plaintiff, but insist that, in view of the nature of the evidence and the size of the verdict, the alleged errors could not have been harmless, it is unnecessary to review the evidence or to refer to it otherwise than to state that it presented issues of fact as to the negligence both of the plaintiff and the defendant, and authorized the inference that the defendant was negligent and that this negligence proximately contributed to the plaintiff's injury, and that the verdict in the amount found for the plaintiff was authorized by the evidence.

■ The court having charged that a presumption of liability arises upon proof that an injury results from the operation of the cars of a railway company, as provided in section 2780 of the Civil Code of 1910, further stated in the charge as follows: "This presumption of law, gentlemen, is not a conclusive presumption; it is what is known as a rebuttable presumption. That means that upon proof of injury, as stated, it is not conclusive, but may be rebutted by evidence offered by the defendant, or the evidence submitted by the plaintiff; or from a consideration of all the evidence. If it does appear from the evidence that the agents of the company have exercised all ordinary and reasonable care and diligence, then this presumption would be rebutted, and you would not regard this presumption, but would proceed to consider the case on the allegations of negligence made by the plaintiff and [or] the answer of the defendant. These allegations and the answer form the issue which you are to try." Exception is made to this charge as being error in that it in effect states that, if this presumption has been rebutted by evidence, to the satisfaction of the jury that the agents of the defendant had exercised the required care and diligence, this presumption should be disregarded, and the jury should proceed "to consider the case on the allegations of negligence made by the plaintiff and [on] the answer of the defendant."

In determining whether an excerpt taken from the charge of the. court erroneously instructs the jury as to the law of the case, the niceties and the literalities of language must be disregarded, and the excerpt must be construed as conveying to the jury that meaning which the jury must necessarily have understood it to convey. Where the excerpt contains an ambiguous statement as to the law, or is susceptible to two constructions, the sense in which it must have been understood by the jury may be determined in the light of other provisions of the charge.

If the jury must have understood from the excerpt excepted to that if they concluded from the evidence that the defendant street-railway company, through its agents, had exercised the required care and diligence, then the jury should proceed further to a consideration of the case on the allegations of negligence made by the plaintiff, and the answer of the defendant, the excerpt would have conveyed to the jury an erroneous impression as to the law. If the jury had concluded that the defendant had exercised the required care and diligence, and therefore was not negligent, a verdict for the defendant would have been demanded as a matter of law, and there would necessarily have been no duty resting upon the jury to give any consideration to the allegations of negligence made by the plaintiff, although these allegations may have been supported by the evidence. The jury should find for the defendant. If the charge was understood by the jury as stating that, upon the introduction of evidence which authorized the inference that the agents of the defendant company had exercised the required care and diligence, the presumption of liability which had arisen upon proof that the injury resulted from the operation of the defendant's street-car would disappear from the case, and there would then be no presumption against the defendant, it would then have been the duty of the jury to proceed further to a consideration of the case "on the allegations of negligence made by the plaintiff and [or] the answer of the defendant," as instructed by the court, provided there was any evidence to the contrary which would authorize an inference that the defendant had failed to exercise the required care and diligence and was therefore guilty of negligence proximately causing the injury complained of.

The expression "rebutting," or the "rebuttal" of, a presumption is often used with a twofold signification, one in the sense of estab-

lishing to the satisfaction of the jury facts which disprove the presumption, and the other in the sense of the mere introduction of evidence sufficient to contradiction the presumption. A rebuttal of the presumption of liability against a railroad company in the former sense would demand a verdict for the railroad company, while a rebuttal of this presumption in the latter sense would not, unless the rebuttal evidence was undisputed and conclusive of the facts, demand a verdict for the railroad company. Where the presumption of liability against a railroad company has in the latter sense been rebutted by the mere introduction of evidence sufficient to contradict the presumption, it would be the duty of the jury to give further consideration to the case upon the allegations of negligence against the company made by the plaintiff where the evidence introduced in rebuttal did not demand the inference that the defendant had exercised the required care and diligence, or there was evidence from which it could be inferred that the defendant was negligent as alleged by the plaintiff, and that this negligence proximately contributed to the plaintiff's injury.

The fact that a person has been injured by the operation of the cars of a railroad company does not authorize an inference that the damage resulted from the company's negligence, to the exclusion of an inference that the damage resulted from the negligence of the person injured. The presumption of liability for a damage which arises upon proof that the damage resulted from the operation of the cars or locomotives of a railroad company is purely a presumption of law created by statute. "The peculiar effect of [such a presumption] is," as stated by Professor Wigmore in his work on Evidence, vol. 5 (2d ed), § 2491, "merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary* from the opponent. If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule." In Greenleaf on Evidence, vol. 1 (15th ed), § 33, it is stated that "*the law* defines the nature and amount of the evidence which it deems sufficient to establish a *prima facie* case, and to throw the burden of proof on the other party; and, if no opposing evidence is offered, the jury are bound to find in favor of the presumption." In 22 Corpus Juris, p. 124, § 61, it is stated in the text that "it is

an assumption made by the law that a strong inference of fact is prima facie correct, and will therefore sustain the burden of evidence, until conflicting facts on the point are shown. Where such evidence is introduced, the presumption at law is functus officio and drops out of sight." In Rex v. Almon, 5 Burr. 2686, 2688, Lord Mansfield, in referring to the imprint of the defendant's name upon a libelous publication bought in his shop, says, "This being 'prima facie' evidence of a publication by the master himself, it stands good till answered by him; . . [it] must stand *till* contradicted or explained or exculpated by some other evidence, and if not contradicted, explained or exculpated, would be in point of evidence sufficient or tantamount to conclusive." In Smith v. Asbell, 2 Strob. 141, 147, it is stated that "presumptions . . are artificial rules which have a legal effect independent of any belief, and stand in the place of proof until the contrary be shown." In Mockowik v. Kansas City &c. R. Co., 196 Mo. 550, 571 (94 S. W. 256), it is stated that "presumptions have no place in the presence of the actual facts disclosed to the jury," and, quoting from another, that "'presumptions may be looked on as the bats of the law, flitting in the twilight but disappearing in the sunshine of actual facts.'" In Mobile &c. R. Co. v. Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N.S.) 226, Ann. Cas. 1912A, 463), the Supreme Court of the United States, in referring to a provision of a statute of Mississippi which makes proof of an injury caused from the operation of the cars or locomotives of a railroad company "prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury" (which in hæc verba is now a rule in Georgia under an act approved August 24, 1929, Ga. L. 1929, p. 315), stated through Mr. Justice Lurton, who delivered the opinion of the court, that "the statutory effect of the rule is to provide that evidence of an injury arising from the actual operation of trains shall create an inference of negligence, which is the main fact in issue. The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury upon all of the evidence." This rule in Mobile &c. R. Co. v. Turnipseed, supra, was approved by the Supreme Court of the United States in Western & Atlantic R. Co. v. Henderson, 279 U. S.

639 (49 Sup. Ct. 445, 73 L. ed. 519), in which the Georgia statute creating a presumption of liability against a railroad company, as codified in section 2780 of the Civil Code of 1910, was held unconstitutional. In Duggan *v.* Bay State Street Railway Co., 230 Mass. 370 (119 N. E. 757, L. R. A. 1918E, 680), the Supreme Judicial Court of Massachusetts, speaking through Chief Justice Rugg, in referring to a similar statute with reference to railroads, says that "the presumption of due care created by the statute is not itself evidence. It is a simple rule to which resort is had when there is a failure of evidence. A presumption ordinarily is not evidence, but is a rule about evidence [citing authorities] . . . The presumption of the present statute is merely like numerous other presumptions. It stands only until the facts are shown."

There are decisions, however, which hold that, although rebuttal testimony has been introduced, a so-called "presumption" is still given the force and effect of evidence. See Pacific Portland Cement Co. *v.* Reinecke, 30 Cal. App. 501 (108 Pac. 1041); Rauer's Collection Co. *v.* Harrell, 32 Cal. App. 45 (162 Pac. 125); Clifford *v.* Taylor, 204 Mass. 358 (90 N. E. 862). These cases are perhaps distinguishable upon the ground that the "presumption" referred to is only the inference of fact which, as a matter of reasoning is arrived at from another and established fact, and is not the presumption created by law from an established fact where this latter fact in itself contains no element which by any process of reasoning the additional fact which is presumed can be legitimately arrived at by a mental inference, as, for instance, a presumption of liability arising from proof of an injury resulting from the operation of a railroad train, which proven fact is insufficient to authorize by a process of reasoning the additional fact that the *railroad* company rather than the person injured was guilty of negligence. See 5 Wigmore on Evidence (2d ed.), § 2491.

While the excerpt excepted to is perhaps susceptible to the construction that it must have instructed the jury that if they believed that the defendant exercised the required care and diligence, and was therefore not negligent, they should nevertheless proceed further to consider the case on the allegations of negligence made by the plaintiff, it is also susceptible to the construction that it instructed the jury that upon the mere introduction of evidence showing that the defendant exercised the required care and diligence

the presumption of liability against the defendant street-car company is removed from the case, and the jury should then proceed to a consideration of the case on the allegations of negligence in the petition and in the defendant's answer. The trial judge, in the excerpt excepted to, no doubt intended to state the rule as last indicated, for he stated that this presumption "may be rebutted by evidence offered by the defendant." If the excerpt is ambiguous, and, when standing alone and unaided by anything else in the charge, might have given to the jury an erroneous impression of the law applicable to the case, and might have been error, as was held in *Fain* v. *Cornett*, 25 *Ga.* 184, yet where, when taken in connection with the entire charge, it could not have misled the jury or have given them an erroneous impression as to the true rule of law applicable to the case, it contains no error. In the charge of the court immediately following the excerpt complained of and excepted to, the court instructed the jury that "this case, gentlemen, as stated is filed upon an alleged case of negligence. The plaintiff, in order to recover, must recover for the acts of negligence alleged by him to have occasioned the injury. You would not be authorized to consider any acts of negligence that might suggest themselves to you that are not offered in evidence. The plaintiff must recover, if at all, only by proof of some one or more of the acts of negligence which he alleges and specifies in this petition as the cause of his injuries." The court throughout the remaining portions of the charge clearly indicated to the jury that the plaintiff could recover only upon proof to the satisfaction of the jury that the defendant was negligent as alleged and that this negligence, and not the negligence of the plaintiff, was the direct and proximate cause of the plaintiff's injury, and that the burden rested upon the plaintiff to establish negligence on the part of the defendant, and also charged the law of comparative negligence and the correct rule with reference to contributory negligence by the plaintiff, and the rule with reference to the ability of the plaintiff to avoid the injury by the exercise of ordinary care. The court in the final instruction to the jury stated that "if you find that the plaintiff has not made out his case as I have instructed you, you would return a verdict for the defendant." The jury therefore could not, by the excerpt from the charge excepted to, have been misled into the belief that where the defendant had exercised all due care and diligence and

was therefore not guilty of negligence, there should not be a verdict found for the defendant. That is, the jury could not have been misled into the belief that where the defendant was not at fault a verdict should be found for the plaintiff. The excerpt from the charge complained of was therefore not error.

If the statute of this State with reference to the presumption of liability against a railroad company upon proof that the injury resulted from the operation of the company's cars or locomotives, as contained in section 2780 of the Civil Code of 1910, is properly construed as providing that, after the introduction in evidence of testimony tending to rebut this presumption, the presumption still has the force and effect of evidence, then it would have been error for the judge of the superior court to have instructed the jury that, after such evidence had been introduced, the presumption of liability should be disregarded. This statute has never to our knowledge been given this construction by the Supreme Court of this State. In *Georgia Southern & Florida Railway Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458), the Supreme Court of Georgia recognizes the rule that where evidence rebutting the presumption of liability against the railroad company has been introduced the presumption is destroyed. There it was held that " Such presumption, however, may be rebutted; and when the evidence of the engineer and fireman on the locomotive which struck the animal is to the effect that she came upon the track suddenly and immediately in front of the locomotive, and that all reasonable care and ordinary diligence was used to prevent striking the animal, but without avail, *such presumption is successfully rebutted; and when there is no evidence disproving or tending to disprove this evidence of the trainmen, the owner is not entitled to recover."* [Italics ours.] See also *Seaboard Air-Line Railway* v. *Walthour,* 117 *Ga.* 427 (43 S. E. 720) ; *Western & Atlantic Railroad* v. *Henderson,* 167 *Ga.* 22 (144 S. E. 905) ; Civil Code (1910), § 5749. It has been held by that court in a number of cases that, where the evidence *demands* the inference that the railroad company had exercised the required care and diligence, a verdict for the defendant railroad company is, as a matter of law, demanded. *Georgia Railroad &c. Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639) ; *South Carolina &c. R. Co.* v. *Powell,* 108 *Ga.* 437 (33 S. E. 994) ; *Georgia Southern &c. R. Co.* v. *Sanders,* supra; *Georgia Southern &c. R. Co.* v. *Thompson,* 111 *Ga.* 731 (36

S. E. 945) ; *Central of Georgia R. Co.* v. *Harden,* 113 *Ga.* 453, 455 (38 S. E. 949) ; *S. A. L. Railway* v. *Walthour,* 117 *Ga.* 427 (43 S. E. 720). These decisions certainly exclude the presumption from having any force and effect as evidence as against *uncontradicted* testimony, or the demanded inference from the testimony, that the railroad company had exercised the required care and diligence.

While the case of Western & Atlantic Railroad Co. *v.* Henderson, decided by the Supreme Court of the United States, supra, which declared unconstitutional, as in violation of the due process clause of the fourteenth amendment, the Georgia statute creating a presumption of liability against railroads, as codified in section 2780 of the Civil Code of 1910, upon the ground that this statute has been construed by the courts of Georgia "as permitting the presumption of negligence thereby created to be given the effect of evidence, to be weighed against opposing testimony, and to prevail unless such testimony is found by the jury to preponderate," may be authority binding upon the courts of Georgia as declaring the statute, as codified in section 2780 of the Civil Code of 1910, unconstitutional, it is not authority binding upon the courts of this State, in so far as it undertakes to state historically the construction which the courts of Georgia have placed upon this statute. What the courts of Georgia have held as respects this statute is not a federal question, but is a pure question of fact to be determinable from an inspection and construction of the decisions of the courts of Georgia themselves. This fact can be determined by us without reference to anything said by any other court. In the margin to the report of the case of Western & Atlantic Railroad Co. *v.* Henderson, supra, decided by the Supreme Court of the United States, appear the following Georgia cases, which are cited as authority for the proposition that upon the introduction in evidence by a railroad company of testimony in rebuttal of the presumption of liability arising upon proof that the injury resulted from the operation of locomotives or cars of the defendant railroad company, this presumption is *not* destroyed: *Western & Atlantic R. Co.* v. *Thompson,* 38 *Ga. App.* 599 (144 S. E. 831) ; *Western & Atlantic R. Co.* v. *Dobbs,* 36 *Ga. App.* 516 (137 S. E. 407) ; *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (134 S. E. 126) ; *Payne* v. *Wells,* 28 *Ga. App.* 29 (109 S. E. 926) ; *Central of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 110 (103 S. E. 259) ; *Ga. Ry. &*

*El. Co.* v. *Bailey,* 9 *Ga. App.* 106 (70 S. E. 607); *Ellenberg* v. *Southern Ry. Co.* 5 *Ga. App.* 389 (63 S. E. 240); *Georgia Southern & Florida Ry. Co.* v. *Thornton,* 144 *Ga.* 481 (87 S. E. 388). In our opinion none of these cases is authority for this proposition. There is, however, a seeming obiter to this effect in the *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 532, 533 (supra), which. is stated in connection with the proposition, as held by the Supreme Court of Georgia, that where there is conflicting evidence as to the negligence of the defendant railroad company the burden is upon the defendant to prove, by a preponderance of the evidence, that its agents had exercised the required care and diligence. However, it was conceded by counsel for the plaintiff before the Supreme Court of the United States, in the Henderson case, that, although there appeared evidence of due care on the part of the defendant railroad company, the presumption of negligence against it, created by the Georgia statute, had the force and effect of evidence and "should not as a matter of law be dissipated the instant any testimony is taken against it." In the face of this concession the Supreme Court of the United States was justified in adopting this construction of the Georgia statute and predicating its decision upon this assumption.

In *Georgia Southern & Florida Railway Co.* v. *Converse,* 29 *Ga. App.* 411 (116 S. E. 20), which was not referred to by the Supreme Court of the United States in Western & Atlantic Railroad Co. *v.* Henderson, supra, there is language which might be taken as indicating that, after a defendant railroad company has introduced testimony in rebuttal of the statutory presumption of liability, the presumption still may be given the force and effect of evidence. If *Georgia Southern & Florida R. Co.* v. *Converse* lays down this rule, it gives effect to a statutory rule which, under the authority of the Supreme Court of the United States in Western & Atlantic R. Co. *v.* Henderson, supra, is unconstitutional. It is also unsound in principle, and is unsupported by any Georgia authorities.

We do not hold that the presumption statute, as codified in section 2780 of the Civil Code of 1910, notwithstanding the decision of the Supreme Court of the United States in Western & Atlantic Railroad *v.* Henderson, supra, giving it a construction and declaring it unconstitutional, still has any force and effect as a statute with a different construction placed upon it. This, however, is a

plausible legal proposition, and possibly could be maintained upon the theory that only that provision of the statute (which the Supreme Court of the United States found in it by construction), which gives to the presumption the force and effect of evidence in the face of sufficient evidence in rebuttal, has been declared unconstitutional, and that, with this provision eliminated from the statute, the remaining portion of the statute is still left intact with the whole legislative scheme and purpose of the statute, viz., the creation of a presumption of liability against a railroad company, without reference to the force and effect to be given to this presumption in the face of sufficient rebutting testimony, unimpaired and not destroyed. As stated by Judge Simmons in *Elliott* v. *State,* 91 *Ga.* 694, 696 (17 S. E. 1004), "When a statute can not be sustained as a whole, the courts will uphold it in part when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, if, after the objectionable part is stricken, enough remains to accomplish that purpose." *McArthur* v. *State, 69 Ga.* 444(2). This question is not here presented for decision. But see *Louisville & Nashville R. Co.* v. *Campbell,* 40 *Ga. App.* 130 (148 S. E. 920). We have here merely stated what seems to be the true rule applicable to this statute and the decisions of the Georgia courts with reference thereto, and only hold that, whether this statute should be treated as non-existent by virtue of being unconstitutional, or as still upon the statute books, the court nevertheless committed no error as against the defendant street car company in instructing the jury that a presumption of negligence, as provided by the statute, arises against a railroad company, but that this presumption disappears upon the production of sufficient evidence in rebuttal, where the alleged error consisted, not in the court's charging the provisions of an unconstitutional statute, but in charging as to the force and effect which should be given to the presumption when the instruction given was, under one construction of the statute, correct, and under the other construction of the statute more favorable to the defendant street-car company than the statute authorized.

After the rendition of the decision of the Supreme Court of the United States in Western & Atlantic Railroad Co. *v.* Henderson, supra, declaring unconstitutional the Georgia statute with reference

to the presumption of liability against railroad companies, as codified in section 2780 of the Civil Code of 1910, the legislature of this State, passed an act approved August 24, 1929, which, in so far as it creates a presumption of negligence against a railroad company, is in the words of the Mississippi statute,—that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. The provisions of this bill shall also apply to all persons, firms, or corporations operating busses for hire. This section shall also apply to passengers of railroad companies." This statute can, of course, have no application to the present case, but is referred to as quoted here merely as a matter of legislative history.

■ In a suit to recover damages for personal injuries, a charge that the plaintiff was "not bound to assume that the defendant would be negligent," and "that when the law required diligence on the part of the defendant, the plaintiff would not be expected to assume that the defendant would be negligent," is not subject to the exception that it withdrew from the consideration of the jury the question as to whether the plaintiff was negligent in failing to anticipate the negligence of the defendant, where the court immediately following this charge, and in the same connection, instructed the jury that "a person is not expected to exercise care and diligence to avoid the negligence of another until the negligence of such other person is in existence or apparent, or by the exercise of ordinary care such negligence could have been discovered," and that "where negligence is known to exist, or in the exercise of the required care should be known, then a duty arises requiring a person to avoid such negligence . . ," and that whether the parties had "performed their respective duties" was a question for the jury, and where the court elsewhere in the charge further instructed the jury that all questions of negligence were for their determination.

■ While the duty which rests upon a plaintiff to avoid the consequences of the defendant's negligence is twofold, and depends *conjunctively* both upon the plaintiff's knowledge of the existence of the defendant's negligence *and* [not "or"] also, in the absence of this knowledge, upon the plaintiff's ability, in the exercise of

ordinary care, to discover or apprehend the existence of the defendant's negligence, the occurrence of the events named in these two conditions are necessarily alternative and not concurrent. The existence of one necessarily precludes the existence of the other. It follows therefore that a charge which instructs the jury that where both the plaintiff and the defendant were negligent, but where "the negligence on the part of the plaintiff consisted of some act or omission on his part before the negligence of the defendant became apparent, or [not "and"] before an ordinarily prudent person would have had reason to apprehend the existence of the defendant's negligence," the negligence of the plaintiff would not necessarily preclude a recovery, but would authorize a reduction in the amount of damages recoverable, is not error in that the court stated *disjunctively,* and not conjunctively, the conditions upon which the negligence of the plaintiff, in failing to avoid the consequences of the defendant's negligence, would not preclude a recovery, but would authorize a reduction in the amount of damages recoverable. *Western & Atlantic Railroad Co.* v. *Ferguson,* 113 *Ga.* ·708 (39 S. E. 306, 54 L. R. A. 802).

■ Where, for the purpose of discrediting a statement made in the testimony of a particular witness, he had been interrogated on cross-examination respecting an alleged extrajudicial statement made by him contradictory of a statement testified to by him, the admission in evidence afterwards, on the redirect examination, of the testimony of the witness that he had on several occasions extrajudicially made to other people the same statement which he had testified to and concerning which it had been sought on cross-examination to discredit him, was, if error upon any ground, harmless in this case to the defendant, and not of sufficient gravity to demand a new trial.

■ Where a witness for the defendant street-car company had testified that he was in the rear of the street-car looking through the front vestibule, and saw the accident, it was not error for the court to permit this witness on cross-examination to testify as to the number of people that were sitting in the defendant's street-car at the time of the alleged accident, where this evidence was admitted solely for the purpose of showing that the people in the street-car might have obstructed the witness's view.

■ The admission in evidence of the testimony of a witness as

to how far a person when sitting about the middle of a street-car could, under certain described conditions, perceive a man in front of the car, where it appears that the witness had never experimented by making such observation under such conditions, was, if error, harmless to the defendant, and was not such as demands the grant of a new trial.

The evidence authorized the verdict in the amount found for the plaintiff, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*