## 23106. WILLIS *v.* GEORGIA POWER COMPANY.

DECIDED SEPTEMBER 26, 1934.

*Julian F. Urquhart, Hallie B. Bell,* for plaintiff.
*B. J. Fowler,* for defendant.

STEPHENS, J. 1. Where it was alleged in the petition, in a suit against a street-railway company to recover damages for the killing of the plaintiff's dog by a street-car, that the dog, while standing between the rails in the nighttime, in front of an ap-

proaching street-car of the defendant, was run over and killed by the car, that the defendant, through its servant, was negligent in operating the car at a high and dangerous rate of speed, without any headlight upon the front and without ringing any bell or sounding any alarm, but for which the dog might have been warned of the approach of the car and could have saved himself by getting off the track and the motorman could have seen the dog upon the track in time to have stopped the car and avoided running over the dog, that the motorman was negligent in not seeing the dog on the track, and where it appears, from the evidence, that the dog was killed by being run over by the street-car while it was being operated by the defendant's motorman in charge of the car, and where it appeared from the testimony of the motorman that the dog was killed by running into the street-car from the side when the car had reached a point in front of the plaintiff's house, and that the witness did not see the dog until the dog was within six or eight feet of the car, that there was a lifeguard on the car in front of the wheels, which, when it hit an object on the track, would be sprung and would pick it up and save it from being run over by the wheels, that about three quarters of an hour after the dog was killed, and after the car had been further operated, an inspector for the defendant found that the lifeguard was in "proper condition" and "O.K.," and notwithstanding there was evidence that the car at the time was being operated on a very dark night at a speed of thirty miles an hour, that the headlight of the car was very dim and was almost burned out, and that the mangled body of the dog, after he had been killed, was on the track at a point, in the direction in which the car was proceeding, 85 feet from the place where, according to the motorman's testimony, the dog ran into the side of the car, that after the car had stopped, the dog's body was on the track at a point thirty or forty feet behind the car, and that immediately after the dog was killed the motorman in charge of the car stated to the plaintiff that he was sorry that he killed the dog, but that he "couldn't see the dog," and where the motorman in his testimony denied saying this, but testified that he did at the time tell the plaintiff that he was sorry he killed the dog, but he couldn't help it, as the dog ran under the car from the side, and where this evidence was uncontradicted, the inference is demanded as a matter of law that the dog was not killed as a result of the negligence of

the defendant, as alleged in the petition, but that the defendant, in the operation of the car at the time, was in the exercise of due care and diligence, and that the death of the dog was not due to any negligence of the defendant in the operation of the car.

The verdict directed for the defendant was demanded, and the superior court did not err in overruling the certiorari.

After the question presented had been certified to the Supreme Court for answer, the record in this case was returned to this court by an order of that court on June 11, 1934. See the reply of the Supreme Court to the certified question as it appears in *Willis* v. *Georgia Power Co.,* 178 *Ga.* 878 (174 S. E. 625).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

STEPHENS, J., dissenting. I am of the opinion that under the evidence it was a question of fact for the jury whether the presumption of negligence had been successfully rebutted. I am therefore of the opinion that the trial judge erred in directing a verdict for the defendant, and that the superior court erred in not sustaining the certiorari. See *Georgia Railroad &c. Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639); *Georgia Southern &c. Ry. Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458).