26621. ROYAL UNDERTAKING COMPANY *v.* DUFFIN.

DECIDED MARCH 3, 1938. ADHERED TO ON REHEARING APRIL 1, 1938.

*Anderson, Cann & Dunn, James P. Houlihan Jr.,* for plaintiff in error.
*Arthur L. Purvis,* contra.

STEPHENS, P. J. W. J. Duffin brought an action against Royal Undertaking Company in the city court of Savannah, alleging that, on December 26, 1935, he received severe personal injuries as he was crossing a certain street in Savannah after alighting from a street-car, by being run over by an automobile belonging to the defendant which was being driven by an agent and employee of the defendant named Underwood; that this driver did not give warning by sounding his horn, but drove with great speed past a street-car which was discharging passengers, in violation of certain ordinances of the city, one of which required all vehicles nearing a street-car, which was stopped to take on or let off passengers, to come to a full stop at least eight feet from the street-car, until the street-car shall have resumed its progress, and all persons leaving the street-car shall have reached the sidewalk.

On the trial the jury found in favor of the plaintiff. The defendant moved for a new trial on the general grounds and because of instructions to the jury which were alleged to be erroneous, and because the verdict was excessive. This motion was overruled, and the defendant excepted.

Although there is no allegation in the petition that the automobile was being driven in the prosecution of the defendant's business, the answer of the defendant asserted that the driver of the automobile was not in the employment of the defendant and that he was using the automobile without the knowledge or consent of the defendant and without the scope of his authority. This was the vital issue in the case.

The driver of the automobile, Underwood, testified that he was not in the employ of the defendant in 1935, had not been so employed since 1928; that he was passing by the defendant's place of business when one Edmundson called him and asked him to drive him [Edmundson] out to see a sick friend on the White Bluff Road; and that when he left the defendant's place he was not going on the business of the company but was on a mission for Edmundson, that Edmundson did not tell him he had to go off on a call that night. Edmundson testified that he was in the employ of the defendant on the evening of December 26, 1935, that he asked Underwood to drive him to White Bluff to see a sick man; that he was not on the defendant's business but on his own business; that on that night he went to see J. W. Ned, who was sick at the Four Mile Hill on the White Bluff Road, that he was in a society with Ned called the "Good Samaritan," that after the accident they went on out there; that when his friends and fellow members of the "Good Samaritan" got sick, he was the Worthy Chief, and "Ned was secretary, and he had to send off money that was past due," and that "Edmundson went to get the money to get a report made to the headquarters at Athens, Georgia."

There was no testimony whatever that the purpose of the expedition on which Underwood and Edmundson were engaged was other than that stated by Edmundson. It is contended that upon proof that the automobile belonged to the defendant and was being driven by his agent, a presumption arose that the automobile was being operated in the business of the defendant, and that the verdict for the plaintiff is sustainable on the theory that the jury entirely dis-

believed Edmundson's testimony, and found their verdict on the presumption. There is no testimony in the record contradicting that of Edmundson's. He was not impeached in any manner, and the jury could only have thrown out his testimony by arbitrarily disbelieving it on account of his being in the employment of the defendant. The Supreme Court in *Central Railroad & Banking Co.* v. *Maltsby,* 90 *Ga.* 630 (16 S. E. 953), uses this language: "In so far as the evidence of the employee of one of the parties conflicts with that of other witnesses, the jury may look to his employment as a fact which may affect his credibility." In *Central of Georgia Railway Co.* v. *Bagley,* 121 *Ga.* 781 (49 S. E. 780), the Supreme Court, in holding that the instruction by the court to the jury that the fact that witnesses were employees of the defendant was no reason for disbelieving their testimony, except in determining what weight and credit you will give to the testimony of the witnesses, said that the charge "stated the rule with absolute correctness."

The presumption if any arising from proof of the ownership of the automobile and of its being driven by an employee of the defendant is merely a rule which, when those facts are shown, puts the burden on the defendant of producing evidence to show that the automobile was not being used in or about the defendant's business. *Georgia Railway & Power Co.* v. *Shaw,* 40 *Ga. App.* 341 (149 S. E. 657). When the defendant showed by the testimony of the man for whose convenience the automobile was being used and that of the driver and of the manager of the defendant company that the purpose for which the automobile was being used had no connection with the business of the company, but that the automobile was being used by an employee on a personal errand, the presumption was successfully rebutted. *South Carolina & Georgia Railroad Co.* v. *Powell,* 108 *Ga.* 437 (33 S. E. 994); *Georgia Southern Railroad Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458); *S. A. L. Ry.* v. *Walthour,* 117 *Ga.* 427 (43 S. E. 720); *Atlantic Coast Line R. Co.* v. *Drake,* 21 *Ga. App.* 81 (4) (94 S. E. 65).

The verdict for the plaintiff was not authorized by the evidence, and the court erred in overruling the general grounds of the motion for new trial. *Judgment reversed. Felton, J., concurs.*

SUTTON, J., concurs in the first headnote, the corresponding part of the opinion, and in the judgment of reversal.